Paris Rene **DUHART**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–82–196–CR.

Court of Appeals of Texas,
Fort Worth.

May 25, 1983.

Danny Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty. by James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

ASHWORTH, Justice.

In 1980, appellant, Paris Rene Duhart, entered a plea of guilty to the offense of burglary of a habitation. Adjudication of his guilt was deferred and he was placed on probation for a period of eight years. On July 20, 1982, the State filed a Petition to Proceed to · Adjudication, alleging robbery, failing to report, and failing to pay restitution and fine. After a hearing on the Petition to Proceed to Adjudication, the court revoked Duhart's probation, found him guilty of the burglary, and sentenced him to confinement in the Texas Department of Corrections for a term of forty-five years.

Judgment affirmed.

Appellant's ground of error contends the trial court erred in proceeding to adjudication and assessing punishment without first holding a separate punishment hearing.

At first blush, it would appear to be seriously inconsistent to place an unadjudicated offender on eight years probation and then for a different judge to sentence him to forty-five years confinement when probation is revoked and he is adjudicated. However, we search the record of the 1980 hearing and find the following questions by the trial court and responses by appellant:

THE COURT: Are you advising the Court that you are pleading guilty freely and voluntarily and knowingly solely because you are guilty and for no other reason?

MR. DUHART: Yes, sir.

THE COURT: Do you understand that if you proceed to plead guilty and the evidence presented sustains your guilt then the Court will find you guilty and assess your punishment somewhere within the range provided by law?

MR. DUHART: Yes, sir.

THE COURT: Do you understand that the Legislature provided that anyone found guilty for this offense shall be punished by confinement in the Texas Department of Corrections for a period of not less than five years nor more than ninety-nine or life, and in addition thereto there can be a fine assessed in any amount not to exceed ten thousand dollars?

MR. DUHART: Yes.

THE COURT: Now, it's my understanding that the agreement that you have through your attorney with the State's attorney is that there shall be a deferred adjudication; that is, the Court will not pronounce you guilty nor set your punishment at this time. That you will be placed on probation for a period of eight years under certain terms and conditions including a fine of two thousand dollars and restitution of two thousand dollars; is that your understanding of the agreement?

MR. DUHART: Yes.

THE COURT: Do you understand that this Court is not bound by that agreement or that recommendation? If it finds you guilty it may set your punishment anywhere within that range provided by law?

MR. DUHART: Yes, sir.

THE COURT: You could receive the maximum punishment of life imprisonment in the State Penitentiary and a fine of ten thousand dollars; do you understand that?

MR. DUHART: Yes.

THE COURT: In other words, you won't be found guilty today but if you come back you have no agreement as to what your punishment will be and it could be the maximum; do you understand all that?

MR. DUHART: Yes.

THE COURT: Understanding all of this do you still persist in pleading guilty to this Charge?

MR. DUHART: Yes, sir.

Later in the hearing, the trial court further admonished the defendant.

"Now, during the period of your probation you will have to live up to the following terms and conditions. I want to make sure you understand them, Mr. Duhart. Eight years is a long time to do in the State Penitentiary or life is even longer. That may be what you get if your case is adjudicated before this Court and you are pronounced guilty."

The trial court fully admonished and advised appellant of the possible consequences of failure to comply with the terms of his probation. The statement of facts discloses that all the provisions of his probation were explained to him and he acknowledged and assented to them. He was put on fair notice that his punishment could be set at confinement for life.

The ground of error presented by appellant has been considered in the case of *McNew v. State,* 608 S.W.2d 166 (Tex.Cr. App.1978). In that case, McNew entered a plea of guilty to the theft of one head of cattle. The court deferred further proceedings without an adjudication of guilt and placed him on probation for five years. Subsequently, the State filed a motion to revoke the probation, alleging McNew had committed the offense of robbery. After a hearing on the motion to revoke, the court found McNew had pleaded guilty to the offense of theft of one head of cattle, that he had been placed on five years probation, and that he had violated the probation. His probation was then revoked, he was found guilty of theft of one head of cattle, and sentenced to ten years confinement. McNew contended he could not be sentenced to confinement for more than the probationary term of five years, and that the State waived its right to more than five years confinement by recommending the same to the court. These contentions were rejected, the court holding that while the State can recommend a specific punishment to the trial judge, that recommendation is never binding on the court.

Also in *McNew, supra,* the court held that once a hearing is held on whether the trial judge should proceed with an adjudication of guilt, the trial judge can proceed immediately with all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal all as if the adjudication of guilt had not been deferred.

Proper practice would be to affirmatively present the defendant with the opportunity to offer such evidence in mitigation of punishment as may be appropriate and admissible. We find that in the instant case, the appellant was presented such opportunity; his mother and fianceé testified without hindrance as to appellant's good conduct and character while on probation. After all testimony had been given, the trial court inquired if either the State or the appellant had anything further to offer, and the appellant made no request at that time, or any other, to present any evidence in mitigation of punishment. We hold that under the circumstances of this case, it was not necessary for the trial court to offer a bifurcated hearing as to punishment after adjudication of guilt.

Judgment affirmed.