**Paris Rene DUHART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 738-83.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 15, 1984.

---

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, M. Eugene Grant, Jr. and David H. Montague, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation, where the punishment was assessed by the court at 45 years' imprisonment. On September 9, 1980, the appellant entered a plea of guilty before the court to the said offense. Adjudication of his guilt was deferred and he was placed on "probation" for a period of eight years, subject to certain conditions. See Article 42.12, 3a, V.A.C.C.P. On July 20, 1982, the State filed a petition to proceed to adjudication of guilt, alleging that appellant had violated his probationary conditions by committing two aggravated robberies, failing to report to his probation officer as required, and failing to pay restitution and fine.

On September 10, 1982, the court, after a hearing on the State's petition, proceeded to revoke "probation"[1] and adjudge guilt and assess punishment for the burglary of a habitation at 45 years' imprisonment. See article 42.12, Sec. 3d(b), V.A.C.C.P.

On appeal in a sole ground of error appellant contended the trial court erred in proceeding to adjudication of guilt and assessing punishment without first holding a separate penalty hearing. Appellant argued that such failure was a violation of due process of law, Fifth and Fourteenth Amendments, United States Constitution, and due course of the law. Article I, Sec. 19, Texas Constitution.

On appeal the Fort Worth Court of Appeals rejected his contention and affirmed the conviction. *Duhart v. State*, 652 S.W.2d 824 (Tex.App.Ft.Worth—1983). We granted appellant's petition for discretionary review to determine the correctness of such holding.

Upon entering his guilty plea before the court, and waving trial by jury, the appellant was carefully admonished by the

---

1. The court found the evidence sufficient to show that appellant committed the aggravated robbery in paragraph one, that he failed to report and failed to pay restitution and fine.

The court found the evidence insufficient to support the allegation of the aggravated robbery in paragraph two.

trial court in accordance with Article 26.13, V.A.C.C.P. Appellant was duly admonished that the penalty for burglary of a habitation was for a term of years of not less than five nor more than ninety-nine, or life, and that a fine not to exceed $10,000.00 might also be assessed. See V.T.C.A., Penal Code, Secs. 30.02 and 12.32. And as the Court of Appeals noted, the trial court cautioned the appellant that if the plea bargain of eight years' deferred adjudication was accepted but the "probation" granted was later revoked, he would be subject to the full range of punishment for the offense charged.[2] Appellant stated he understood the range of penalty and the caution offered. At the unitary trial on the guilty plea the appellant took the witness stand and made a judicial confession. At the close of the trial the court accepted the plea bargain and instructed the appellant as to the probationary condition and again cautioned the appellant as to the consequences of revocation and the range of punishment then possible. The appellant accepted the eight year deferred adjudication which was imposed. He did not at any time ask to offer any additional evidence on punishment.[3]

At the hearing on the State's petition to adjudicate guilt the State offered its evidence. Thereafter the appellant testified and then called his mother and his fiancee'.

At the conclusion of the testimony the court inquired if either party had anything further to offer. Both sides closed and presented arguments to the court. After revoking "probation" and adjudicating guilt, the court proceeded to assess punishment. When the court inquired if there was any legal reason why sentence should not be pronounced, appellant's counsel answered, "No, Your Honor." Sentence was then imposed. At no time did appellant request to present further evidence on punishment or any other issue. He made no proffer of evidence, nor did he perfect a bill of exception. He did not object to any of the procedures nor contend to the trial court he was entitled to a separate hearing on punishment.

On appeal for the first time he contends that due process of law was violated when the trial court did not, sua sponte, offer him a separate hearing on punishment. He does not cite any authority to support his contention, and even at this late date does not tell us what evidence on punishment he was unable to present.

A similar contention to appellant's was advanced and rejected in *Jackson v. State*, 628 S.W.2d 119 (Tex.App.—Beaumont—1981) (pet. ref'd.), where the court wrote at p. 120:

**2.** In *McNew v. State*, 608 S.W.2d 166 (Tex.Cr. App.1978) (Opinion on Rehearing), the court at p. 177 stated:

"While it would be far better practice for the trial court to admonish a defendant as to the consequences of deferred adjudication, we have held that Article 26.13, V.A.C.C.P., does not require such admonishment."

**3.** In *Morales v. State*, 416 S.W.2d 403 (Tex.Cr. App.1967), this court wrote:

"Appellant obviously overlooks the fact that *Article 37.07, Section 2(b)*, supra (V.A.C.C.P.), is applicable only to pleas of not guilty before a jury. *Rojas v. State*, Tex.Cr.App., 404 S.W.2d 30 [ (1966) ]. It has no application where a defendant waives trial by jury and enters a plea of guilty before the Court in a felony less than capital case. Articles 1.13, 1.14, and 1.15, V.A.C.C.P." (Emphasis supplied.) Now see Article 37.07, Sec. 2(a), (b) and (c) as amended.
Prior to the 1965 Code of Criminal Procedure all trials before the court or jury regardless of

plea were unitary trials. Article 37.07, supra, provided for bifurcated trials in pleas of not guilty before a jury. The rule was unchanged for guilty pleas before the court and jury. See *Morales v. State*, supra.
Article 37.07, supra, was amended after its enactment in 1965. Section 3 thereof now reads in part:

"Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.

"(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defense as to the prior criminal record of the defendant, his general reputation and his character...."

This provision insofar as it applies to pleas of guilty before a judge or jury does not call for bifurcated trials in those situations. The statute generally applies to pleas of not guilty before a jury.

"Appellant's sole ground of error is '[t]he Court erred in assessing punishment in excess of Appellant's deferred adjudication period of probation by refusing to allow for a separate hearing on punishment following the determination of guilt.' As we understand this ground of error, appellant's complaint is that a separate punishment hearing should be held following an adjudication of guilt pursuant to V.A.C.C.P., Art. 42.12, Sec. 3d(b). The ground, as stated in appellant's brief, actually complains of the 'refusal' to allow for such separate hearing. We find nothing in the record before us indicating that appellant requested such hearing or that any such hearing we refused. However, the record does show that a separate hearing on punishment was not held by the court.

"Appellant contends that following an adjudication of guilt on the original charge, a 'normal bifurcated trial system' should be followed and a hearing on punishment shall be held in accordance with V.A.C.C.P., Art. 37.07. Appellant overlooks the fact that Article 37.07, Sec. 2(b) is applicable only to pleas of not guilty before a jury. It has no application where a defendant waives trial by jury and enters a plea of guilty before the court in a felony less than capital case. See *Morales v. State*, 416 S.W.2d 403 (Tex.Cr.App.1967); *Rojas v. State*, 404 S.W.2d 30 (Tex.Cr.App.1966); *Thomas v. State*, 477 S.W.2d 881 (Tex.Cr.App. 1972).[4]

"The contention that two separate hearings are mandatory in proceedings conducted pursuant to Art. 42.12 has been rejected in *McNew v. State*, 608 S.W.2d 166 (Tex.Cr.App.1978), where it is held that only one hearing—that which is required by Art. 42.12, Sec. 3d(b)—is necessary to afford appellant his right to due process of law.

"It is suggested, by the wording of appellant's ground of error, that the court erred in assessing his punishment at ten years confinement after adjudication of guilt when it has assessed seven years 'probation' at the time of the deferred adjudication. This contention has been rejected and held not to be error. *McNew v. State*, supra; *Walker v. State*, 557 S.W.2d 785 (Tex.Cr.App.1977)."

■ We observe that the statute, Article 42.12, Sec. 3d(b), V.A.C.C.P., does not mandate a separate punishment hearing, nor can we conclude that due process of law nor the due course of the law of the land is violated because such a separate hearing is not accorded. Fairness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of "probation" and the adjudication of guilt and before the assessment of punishment if such evidence has not already been elicited during the proceedings, particularly if the defendant requests the opportunity.

Under the circumstances in the instant case, we find no merit in appellant's sole ground of error. The trial court did not err in failing, sua sponte, to conduct a separate proceeding on the issue of punishment.

The judgment of the Court of Appeals is affirmed.

ODOM and MILLER, JJ., concur in the result.

CLINTON, Judge, concurring.

*Morales v. State*, 416 S.W.2d 403 (Tex. Cr.App.1967) construed Article 37.07, § 2(b), V.A.C.C.P., in context as it then existed. Article 37.07, supra, was rewritten by Acts, 1967, 60th Leg., ch. 659, p. 1739, § 22, effective August 27, 1967—after rehearing had been denied in *Morales* without written opinion. Understandably the *Morales* Court does not mention that revision.

The pertinent portion of *Morales v. State*, supra, appears in note 3 of the opinion of the Court in the case at bar, and

---

**4.** See also *Arismendez v. State*, 595 S.W.2d 535 (Tex.Cr.App.1980); *Thom v. State*, 563 S.W.2d

618 (Tex.Cr.App.1978).

need not be restated. However, to be emphasized is that the 1967 revision of Article 37.07, supra, restructured § 2(b) as originally enacted and then provided precisely what *Morales* said was not in *§ 2(b)*, *viz:*

"Sec. 3. Evidence of prior criminal record *in all criminal cases* after a finding of guilty

(a) *Regardless of the plea and whether the punishment be assessed by the judge or the jury,* evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character."[1]

On· this score the opinion in *Jackson v. State,* 628 S.W.2d 119 (Tex.App.—Beaumont 1981), ignores § 3(a), and the majority ought not to indicate by quoting it so fully, that by referring to § 2(b) the opinion in *Jackson v. State,* supra, touches the problem we are now addressing.

That brings me to *McNew v. State,* 608 S.W.2d 166 (Tex.Cr.App.1978)—a cause in which I .did not participate either on original submission or on rehearing. The *Jackson* Court read *McNew* to reject the contention being made by Jackson: "that following an adjudication of guilty on the original charge, a 'normal bifurcated trial system' should be followed and a hearing on punishment shall bè held in accordance with V.A.C.C.P., Art. 37.07." *McNew* did nothing of the sort, as a careful reading will reveal.

What was contended in *McNew* is that Article 42.12, § 3d(b), V.A.C.C.P. requires two separate hearings—

"first a hearing should be held limited solely to a determination by the trial judge of whether he should proceed to an adjudication, *and then a second hearing* should be held *in which guilt is determined.* "

*McNew,* supra, at 173. That is the contention the Court rejected, essentially for the reason that, as required by § 3d(a), the court at the outset had already heard evidence that "substantiates the defendant's *guilt*" before deferring "further proceedings," *id.,* at 173–174. Thus, there was no need to hear again evidence to support an adjudication of guilt. When *McNew* held that "only one hearing—that required by Article 42.12, Section 3d(b)—is necessary to afford the appellant the right to due process of law," *id.,* at 174 the Court was referring to a finding of guilt, and no more.

Article 42.12, § 3d(a) contemplates that a court may defer adjudication of guilt after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that *it substantiates the defendant's guilt.* There is no indication whatsoever that evidence will be reċeived with respect to punishment that may ultimately be assessed. Indeed, the subsection also permits an accused whose adjudication of guilt has been deferred to move in writing for a final adjudication, and it mandates that in that event "the court shall proceed to final adjudication *as in all other cases.*" Section 3d(b) limits the prescribed hearing to "the determination of whether it proceeds with an adjudication of guilt on the original charge;" but, that done, it also makes clear that "all *proceedings,* including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal *continue* as if the *adjudication of guilt* had not been deferred."

Assessment of punishment is surely a "proceeding," for Article 37.07, § 3(a) permits the parties to offer evidence of prior criminal record, general reputation and character, and § 3(d) requires that when the judge assesses punishment, "and *after the hearing of the evidence* hereinabove provided for, he shall forthwith announce his decision ... as to the punishment to be assessed." Thus, a punishment proceeding is dictated—regardless of its timing.

Accordingly, the *McNew* Court opined, "[W]e see no reason that once a hearing is held on whether the trial judge should proceed with an adjudication of guilt, the

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indi-

cated.

trial judge cannot *immediately continue* with 'all proceedings, including assessment of punishment ... as if the adjudication of guilt had not been deferred.'' *McNew,* supra, at 174. Nothing I find in the opinion on rehearing in *McNew* militates against this construction of the intertwining provisions of the two statutory schemes. To the contrary, when closely read, that which appears at page 177 confirms it.

From what has been written, however, it does not follow that appellant is entitled as a matter of right to more than what he characterizes as "some system" for presenting evidence on punishment. Regardless of what it is labeled, the law positively affords "in all criminal cases after a finding of guilty," and "[r]egardless of the plea" an opportunity for both sides to offer evidence prescribed by Article 37.07, § 3(a). The record here shows and the court of appeals found appellant had that kind of opportunity. *Duhart v. State,* 652 S.W.2d 824, 828 (Tex.App.—Fort Worth 1983).

Accordingly, I concur in the judgment of the Court.

TEAGUE, Judge, concurring and dissenting.

Paris Rene Duhart, appellant, concedes that at trial he did not request a separate punishment hearing and also did not object to the failure of the trial judge to conduct a separate hearing on punishment after the trial judge had adjudicated his guilt. His contention, that the failure of the trial court to conduct a separate punishment hearing violated the Fifth and Fourteenth Amendments to the United States Constitution, as well as Art. I, Sec. 19, Texas Constitution, was presented and rejected for the first time on appeal. See *Duhart v. State,* 652 S.W.2d 824 (Tex.App.—Ft. Worth 1983).

The majority holds: *"Under the circumstances in the instant case,* we find no merit in appellant's sole ground of error." [Emphasis Added]. I find that the underscored language leaves the reader with the impression that, given another but differ-

ent set of circumstances, appellant would have been entitled to a punishment hearing, even if he had not requested a punishment hearing and also had failed to make an objection to the failure of the trial court to conduct a punishment hearing. However, where there has been no request for a punishment hearing, and no objection was ever properly and timely voiced to the lack of a punishment hearing, this will always cause such a complaint, that there was no punishment hearing, to be without merit.

This Court in *Rogers v. State,* 640 S.W.2d 248 (Tex.Cr.App.1981), also see *Wright v. State,* 640 S.W.2d 265 (Tex.Cr.App.1982), recently held that the defendant could not for the first time on appeal complain of the failure of the trial court to hold a second hearing. In that cause, the trial court had conducted a hearing on the State's motion to revoke the defendant's probation and found that the defendant had violated his probation, but then deferred the matter. Much later, and without any second hearing, to which no objection was voiced, the trial court ordered the defendant's probation revoked. On appeal, the defendant complained of the failure of the trial court to hold and conduct a second hearing before he ordered the defendant's probation revoked. This contention was rejected by a majority of this Court, which expressly held that before the defendant was entitled to complain on appeal of the lack of a second hearing, it was first necessary for him to have made "some type of due process objection, either at the time the judge continues the hearing and/or probation, or at the time of actual revocation or at the time of sentencing. Failure to make such an objection waives any error."

Because there is no difference in principle between *Rogers v. State,* supra, and *Wright v. State, supra,* and this cause, I would simply hold that appellant has waived his right to complain on appeal about the absence of a punishment hearing, either because he did not request one or because he failed to object to the trial court's failure to hold one.

**390**

Although the majority is correct that Article 42.12, Section 3d(b), V.A.C.C.P., does not mandate that a separate punishment hearing must be held, after the trial court has adjudicated the defendant's guilt, nevertheless, had appellant properly and timely urged in the trial court the complaint he makes on appeal, I would hold that either due process or due course of law mandates such a hearing, and would have sustained appellant's contention. See *Daniels v. State*, 615 S.W.2d 771, 773 (Tex. Cr.App.1981) (Teague, J. Dissenting Opinion), and *McDougal v. State*, 610 S.W.2d 509, 511 (Tex.Cr.App.1981) (Teague, J. Concurring Opinion).

Because the majority reaches the right result, I concur. To its holding that neither due process nor due course of law mandates such a hearing, when a timely and proper request or objection has been made, I dissent.