Affirmed and Opinion filed February 1, 2005









Affirmed and Opinion filed February 1, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01456-CR

____________

 

MICHAEL MILLER
EULER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 854,561

 



 

O P I N I O N

Appellant was sentenced to two years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice and assessed a $1,000.00 fine after the trial court found he had
violated the terms and conditions of his community supervision.  In a single point of error, appellant
contends the trial court erred by refusing to hold a separate hearing on
punishment and by denying appellant’s motion for new trial, in which he again
urged the court to grant a separate hearing on punishment.  We affirm.

 








Procedural Background

In November of 2000, appellant was
sentenced to four years’ confinement, which was probated, and assessed a
$1,000.00 fine after pleading  guilty to
the felony offense of bribery.  In July
of 2003, the State moved to revoke appellant’s community supervision and, in
December of 2003, the State filed its first amended motion to revoke.  The State alleged appellant violated the
terms and conditions of his probation by using cocaine and operating a motor
vehicle while intoxicated by alcohol. 
Appellant pleaded ‘not true’ and the trial court held a hearing on the
motion.  After the hearing, the trial
court found appellant had violated the terms of his community supervision and
imposed a two-year sentence and a $1,000.00 fine.  At the hearing, appellant’s counsel asked the
trial court to hold a separate punishment hearing, which the trial court
refused.  Later, appellant filed a motion
for new trial, again requesting a separate hearing on punishment; the trial
court denied this request as well.

Analysis

On appeal, appellant contends the trial
court erred by refusing his requests for a separate hearing on the issue of
punishment.  Appellant argues that the
trial court’s action in sentencing him without an opportunity to be heard
violated his due process rights under the United States and Texas
constitutions.  Appellant relies
primarily upon Issa v. State and Duhart v. State to establish his
right to a separate punishment hearing. 
These cases, however, do not necessarily require a separate punishment
hearing when a trial court revokes community supervision.  Rather, under Pearson v. State,
appellant received all that he was entitled to because he had the opportunity
to, and did, present mitigating evidence during the proceedings.

1.       Duhart
v. State








In Duhart, the Texas Court of
Criminal Appeals stated that “[f]airness would dictate that a defendant be
accorded an opportunity to offer appropriate evidence in mitigation of
punishment after the revocation of ‘probation’ and the adjudication of guilt
and before the assessment of punishment if such evidence has not already
been elicited during the proceedings, particularly if the defendant
requests the opportunity.”  Duhart v.
State, 668 S.W.2d 384, 387 (Tex. Crim. App. 1984) (en banc) (emphasis
added).  Thus, Duhart requires
only that a defendant have the opportunity to present evidence to mitigate
punishment; it does not require a separate punishment hearing after a
defendant’s community supervision is revoked.

In this case, appellant had the
opportunity to, and did, in fact, offer evidence in mitigation of his
punishment.  In his motion for new trial,
appellant asserted that he would have presented the following mitigating
evidence in a separate punishment hearing:

·                     
appellant
was diagnosed by reputable physicians with continuing neurological disorders,
which cause him slurred speech, short-term memory loss, and bouts of
depression, and

·                     
appellant was still under the care of physicians who treat
and monitor him, and adjust the frequency and dosage of his medications.

Our review of the record reveals appellant
already presented similar evidence during the proceeding to revoke his
community supervision.[1]  Because appellant elicited this mitigating
evidence during the proceedings, Duhart did not require a separate
punishment hearing.    

2.       Issa
v. State








Later, in Issa, the Texas Court of
Criminal Appeals determined that a punishment hearing was required when the
trial court finds a defendant violated the terms and conditions of his or her
‘deferred adjudication’ probation.  Issa
v. State, 826 S.W.2d 159, 161 (Tex. 1992) (en banc).  When a defendant’s adjudication is deferred
and the State moves to revoke the defendant’s probation, the trial court must
first adjudicate the defendant’s guilt.  Id.  Once the trial court has adjudicated the
defendant’s guilt, Issa requires the trial court to conduct a second
phase to determine punishment.  Id.  This case, however, is distinguishable from Issa
because appellant’s guilt had already been adjudicated.  Appellant pled guilty to the bribery charge
and was placed on community supervision. 
The present appeal involves only the revocation of his community supervision.  See Moore v. State, 11 S.W.3d 495, 499
(Tex. App.—Houston [14th Dist.] 2000, no pet.) (finding a defendant’s guilt is
not at issue in a revocation proceeding because the only question is whether
the defendant broke the contract he made with the court after the guilt
determination).  Issa did not
address, and therefore could not require, a separate punishment hearing when
one’s guilt has already been adjudicated and the sole issue is whether to
revoke community supervision.

3.       Pearson
v. State








Finally, our decision in appellant’s case
is controlled by Pearson v. State, a case the Texas Court of Criminal
Appeals decided after Duhart and Issa.  994 S.W.2d 176 (Tex. Crim. App. 1999) (en
banc).  In Pearson, the court
reaffirmed its decision in Issa, stating that the appellant in that case
had preserved error and was entitled to a separate punishment hearing when he
had “neither the opportunity to present punishment evidence nor the opportunity
to object to the trial court’s action.”  Id.
at 178.  The court then distinguished
Pearson’s situation because he “not only had the opportunity to, but did
present punishment evidence.”  Id.
at 179.  The court found it “immaterial”
that the opportunity to present evidence came before the trial court revoked
appellant’s probation.  According to the
court, “[a]ppellant had the opportunity to present evidence during
the proceedings” and “[t]hat is all that is required.”  Id.  
In this case, appellant was also able to present evidence in mitigation
of his punishment, even though this did not occur during a separate punishment
hearing.  Because appellant already
presented mitigating evidence during the proceedings, the trial court did not
err in denying appellant’s requests for a separate punishment hearing.   See Hardeman v. State, 1 S.W.3d at
689, 690–91 (Tex. Crim. App. 1999) (finding Issa does not stand for
a defendant’s absolute right to a separate punishment hearing, but only
requires an opportunity for the defendant to present mitigating evidence if that
right was not afforded during the adjudication).  We have no doubt that the trial court
considered the evidence, though not presented in a separate punishment hearing,
particularly since appellant received a two-year sentence rather than the
four-year sentence the original trial court found was appropriate.  We overrule appellant’s sole point of error
and affirm.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Opinion filed February 1, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Publish
— Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant’s
former attorney testified that appellant suffered from a neurological disorder
and was prescribed medication for depression. 
A former interpreter for the hearing and speech impaired who knew
appellant socially also testified.  She
testified that appellant’s neurological problems rendered him unable to speak
clearly.  Appellant testified that he was
continuing to take medication.  Finally,
appellant introduced a letter from his doctor. 
In the letter, the doctor stated appellant had problems with his speech,
anger control and depression after his head injury in 1998.  The doctor also stated he had recommended
appellant begin taking Depakote for his depression.  In addition to the type of mitigating
evidence appellant cited in his motion for new trial, appellant was able to
offer the following mitigating evidence. 
Appellant testified that he was participating in an alcoholics anonymous
program and working as an environmental consultant in an environmental agency.