IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0472-05






MICHAEL MILLER EULER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY






 Holcomb, J., delivered the opinion of the Court, in which Price, Womack, Johnson,
and Cochran, JJ., joined. Meyers, J., filed a concurring opinion, in which Keller,
P.J., and Keasler and Hervey, JJ., joined.



 The question presented in this case is whether the trial court violated appellant's federal
constitutional right to due process of law when it revoked his community supervision (1) and assessed
punishment without affording him a separate hearing on the question of punishment. We hold that
the trial court did not violate appellant's right to due process.

 The relevant facts, as reflected in the case record, are as follows. In September 2000, a Harris
County grand jury returned an indictment charging appellant with bribery. See Tex. Pen. Code §
36.02(a)(1). In November 2000, appellant pled guilty to the offense charged, pursuant to a plea
bargain, and the trial court assessed his punishment at imprisonment for four years and a fine of
$1,000. The trial court then suspended imposition of appellant's sentence and placed him on
probation for four years, subject to certain conditions. 

 In July 2003, the State filed a motion to revoke appellant's probation. In September 2003,
the State filed an amended motion to revoke, in which it alleged that appellant had violated the 
conditions of his probation by (1) operating a motor vehicle while intoxicated and (2) consuming a
controlled substance, namely cocaine.

 In December 2003, the trial court held a hearing on the State's amended motion to revoke. 
At the start of that hearing, appellant pled "not true" to the State's allegations. The State then
presented its evidence, which consisted of the testimony of appellant's probation officer, the
testimony of four Houston police officers, and a videotape. The State's evidence, if believed,
established that (1) on the evening of July 1, 2003, in Harris County, appellant operated a pickup
truck while intoxicated with alcohol, and (2) on or about February 21, 2001, and January 23, 2003,
appellant consumed cocaine. 

 Appellant responded to the State's evidence with his own evidence, which consisted of his
own testimony, the testimony of a longtime friend, the testimony of the attorney who represented
him in this case in 2000, and a letter from his (i.e., appellant's) personal physician. Appellant's
evidence, if believed, established that (1) he did not operate a pickup truck while intoxicated as the
State had alleged, (2) he may have appeared intoxicated on the occasion in question because of a
neurological disorder, and (3) he did not consume cocaine as the State had alleged.

 After both sides rested and closed, the trial court found that appellant had indeed violated the
conditions of his probation. Immediately thereafter, the trial court revoked appellant's probation,
assessed his punishment at imprisonment for two years and a fine of $1,000, (2) and then asked him
whether he had "anything to say before sentence of law [was] pronounced." Appellant, through his
counsel, responded by asking the trial court to postpone imposition of sentence until after the
Christmas holidays, so that counsel would have time to gather evidence "as to some alternative" to
the punishment assessed. (3) The trial court denied appellant's request.

 In January 2004, appellant filed a motion for new trial. In that motion, appellant complained
of the trial court's refusal "to postpone imposition of punishment . . . to give counsel the necessary
time to prepare and present evidence that would dissuade the Court from ordering [appellant's]
incarceration." Appellant argued further that

 "[h]ad the court granted [his] request for a separate hearing [on punishment], he
would have presented credible evidence that he [had been] diagnosed by reputable
physicians with continuing neurological disorders, including (but not limited to)
slurred speech, short-term memory loss and bouts of depression. The evidence
would have further shown that [he] is still under the care of physicians who continue
to treat him and monitor his progress, adjusting, from time to time, the frequency and
dosage level of prescribed medications [he] is presently taking." (4)


The trial court denied appellant's motion for new trial.

 On direct appeal, appellant, citing the Due Process Clause of the Fourteenth Amendment to
the United States Constitution, argued that "[t]he trial court erred by refusing [his] request for a
separate hearing on the issue of punishment and erred again by denying [his] motion for new trial." 
Appellant argued further that the trial court's actions had left him "without any opportunity to be
heard on the issue of punishment."

 In February 2005, the Fourteenth Court of Appeals rejected appellant's due process
argument and affirmed the judgment of the trial court. Euler v. State, 158 S.W.3d 75, 78
(Tex.App.-Houston [14th Dist.] 2005). More specifically, the court of appeals held that "appellant
received all that he was entitled to because he had the opportunity to, and did, present mitigating
evidence [concerning his neurological disorder] during the [revocation] proceedings." Id. at 76-77.

 Appellant subsequently filed a petition for discretionary review, which we granted. In his
petition and accompanying brief, appellant, citing Duhart v. State, 668 S.W.2d 384 (Tex.Crim.App.
1984), and Issa v. State, 826 S.W.2d 159 (Tex.Crim.App. 1992), continues to argue that he was
denied due process when the trial court denied his request for a separate hearing on punishment. 
Appellant concedes that he did present, at the revocation hearing, some evidence of his neurological
disorder, but he argues that that evidence was offered solely to refute the State's evidence that he had
operated a motor vehicle while intoxicated, and was not offered in mitigation of punishment. 
Appellant argues that "[p]unishment was not an issue under the trial judge's purview" at the time
the evidence was offered.

 The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive
any person of life, liberty, or property, without due process of law." The touchstone of due process
is fundamental fairness. Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973); Webb v. State, 278 S.W.2d
158, 160 (Tex.Crim.App. 1955). Accordingly, no State may deprive any person of the conditional
liberty created by probation unless the State employs procedures that are fundamentally fair. Black
v. Romano, 471 U.S. 606, 610 (1985). In particular, where, as in Texas, the factfinder, if it finds a
violation of the conditions of probation, has discretion to continue the probation, the probationer "is
entitled [by due process] to an opportunity to show not only that he did not violate the conditions [of
his probation], but also that there was a justifiable excuse for any violation or that revocation is not
the appropriate disposition." Id. at 612.

 Appellant's argument is, in effect, that his right to due process required the trial court to grant
his request for another hearing on another day so that he could gather evidence and show that
incarceration was not the appropriate punishment in his case. We are not persuaded by this
argument, and we discern no error on the part of the trial court. If appellant wanted an opportunity
to present evidence and argument on the question of punishment, it was incumbent upon him to ask
for that opportunity and to be ready to present such evidence and argument as soon as the trial court
announced its finding that he had violated the conditions of his probation. Part of being prepared
for a revocation hearing is being prepared to present evidence and argument on the question of the
proper disposition in the event that the trial court finds that the conditions of probation have been
violated.

 As we stated previously, appellant, in support of his argument, relies upon our decisions in
Duhart v. State, 668 S.W.2d 384, and Issa v. State, 826 S.W.2d 159, both of which involved
revocation of deferred-adjudication probation. But appellant's reliance upon those decisions is
misplaced, because neither decision suggests that a probationer has a right to a separate punishment
hearing on a different day. 

 In Duhart the appellant pled guilty to burglary and received deferred-adjudication probation. 
The State later filed a motion to adjudicate the appellant's guilt. At the adjudication hearing, both
the State and the appellant presented evidence and argument on the question of whether he had
violated the conditions of his probation. After both sides rested and closed, the trial court found that
the appellant had violated the conditions of his probation, as alleged. The trial court then adjudicated
the appellant's guilt and proceeded to assess his punishment. At no time did the appellant ask to
present evidence on punishment. On direct appeal, the appellant argued for the first time that his
right to due process had been violated when the trial court assessed his punishment without first
holding a separate punishment hearing. The court of appeals rejected that argument, and we
affirmed. In our opinion, we stated that

 "[f]airness would dictate that a defendant be accorded an opportunity to offer
appropriate evidence in mitigation of punishment after the revocation of 'probation'
and the adjudication of guilt and before the assessment of punishment if such
evidence has not already been elicited during the proceedings, particularly if the
defendant requests the opportunity." Duhart v. State, 668 S.W.2d at 387.


We also specifically stated that due process did not require a separate hearing on punishment. Ibid. 
Moreover, it was implicit in our analysis that if the appellant in that case had wanted to present
evidence on punishment, he should have asked to do so at the revocation hearing.

 In Issa the appellant pled guilty to theft and was placed on deferred-adjudication probation. 
The State later filed a motion to adjudicate the appellant's guilt, and the trial court held a hearing
thereon. At the close of the evidence and argument, the trial court, in one swift proclamation,
revoked the appellant's probation, adjudicated his guilt, and assessed his punishment - and then
quickly left the bench. The appellant had no opportunity in which to ask to present evidence
concerning punishment. (5) On direct appeal, he argued that the trial court had erred in assessing
punishment immediately after adjudicating guilt. The court of appeals rejected that argument, but
we reversed, holding that "the trial court should have allowed [the] appellant to present . . . evidence
[on punishment] prior to sentencing." Issa v. State, 826 S.W.2d at 161. We explained later in
Hardeman v. State, 1 S.W.3d 689, 690-691 (Tex.Crim.App. 1999), that Issa did not stand for a
general right to a separate punishment hearing, much less one on a different day. See also Pearson
v. State, 994 S.W.2d 176 (Tex.Crim.App. 1999) (discussing both Duhart and Issa); G. Dix & R.
Dawson, 43A Texas Practice: Criminal Practice and Procedure § 40.112 (2nd ed. 2001). 

 The court of appeals did not err in affirming the judgment of the trial court. Therefore, we
affirm the judgment of the court of appeals.


DELIVERED MARCH 21, 2007

PUBLISH
1. Hereinafter we will refer to "community supervision" by its common name,
"probation."
2. Under Article 42.12, § 21, of the Texas Code of Criminal Procedure, the trial court had
the options of continuing, extending, modifying, or revoking appellant's probation. Under
Article 42.12, § 23, the trial court, once it revoked appellant's probation, had the option of
reducing the punishment originally assessed.
3. Appellant's counsel made his request at the earliest opportunity, so his request was
timely.
4. It thus appears that appellant wanted an opportunity to present more extensive evidence
concerning the nature and treatment of his neurological disorder.
5. In the instant case, in contrast, appellant did have an opportunity in which to ask to
present evidence concerning punishment.