COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





SILAS SIMOENOE PANZU,
a/k/a SILAS S. PANZU,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-10-00111-CR

Appeal from
213th District Court

of Tarrant County, Texas

(TC # 1053499D)



 

 

 




O P I N I O N

            Silas Simoenoe Panzu appeals the trial court’s order revoking community supervision and
adjudicating him guilty of delivery of a controlled substance, one gram or more but less than four
grams of cocaine. On appeal, Appellant argues the adjudication proceeding violated his due process
rights under both the United States Constitution and the Texas Constitution because the trial court
revoked his community supervision and assessed punishment without holding a separate hearing on
the question of punishment. For the reasons that follow, we affirm. 
FACTUAL BACKGROUND
            On March 23, 2007, Appellant pled guilty to the offense of delivery of a controlled substance,
one gram or more but less than four grams of cocaine, in exchange for deferred adjudication with
four years’ community supervision. Two years later, on June 12, 2009, the State filed its First
Amended Second Petition to Proceed to Adjudication. In four paragraphs, the petition alleged that
Appellant violated the conditions of his community supervision in the following ways: (1) on or
about November 7, 2008, Appellant committed the offense of possession of marijuana, two ounces
or less; (2) on or about June 3, 2009, Appellant gave a fictitious name, to wit: Tahir Nefermaat
El Bey,


 to a police officer who had lawfully arrested or detained him; (3) Appellant failed to
complete his court ordered community service hours; and (4) Appellant failed to report to his
community supervision officer as scheduled during the month of May 2009.


 
            On March 18, 2010, the trial court held a hearing on the State’s petition. Appellant pled not
true as to all four counts.


 At the hearing, the State presented six witnesses, and the defense
presented two witnesses, including Appellant, who testified on his own behalf. At the conclusion
of the evidence, and after final arguments by both sides, the trial court found the allegations in
paragraphs one and two not true and the allegations in counts three and four true. The trial court then
adjudicated Appellant guilty of the underlying possession charge, and immediately sentenced him
to two years’ imprisonment.
            Appellant filed a motion for a new trial alleging: (1) that the verdict is contrary to the law
and evidence; and (2) that he received ineffective assistance of counsel based on his attorney’s
failure to timely inform him as to new allegations. Although no ruling on the motion for a new trial
appears in the record, the motion was overruled by operation of law. See Tex.R.App.P. 21.8(a), (c). 
This appeal follows. 
SEPARATE PUNISHMENT HEARING
            In two issues, Appellant complains that the trial court erred by failing to conduct a separate
punishment hearing after finding allegations three and four to be true. According to Appellant, the
trial court’s failure to hold a punishment hearing deprived him of the opportunity to exercise his
fundamental right to put on evidence in mitigation of punishment. The State initially responds by
asserting that Appellant failed to properly preserve his complaints for Appellate review. We agree. 
            In general, a party must make a timely, specific, objection and obtain a ruling on the
objection in order to preserve a complaint for appellate review. Tex.R.App.P. 33.1(a); Pearson v.
State, 994 S.W.2d 176, 179 (Tex.Crim.App. 1999). However, the Court of Criminal Appeals has
recognized an exception to the general rule in certain limited circumstances. See Issa v. State, 826
S.W.2d 159 (Tex.Crim.App. 1992).
            In Issa, the trial court revoked the defendant’s deferred adjudication probation, adjudicated
the defendant guilty, and imposed defendant’s sentence in one ruling, and then left the bench without
giving the defendant an opportunity to object to the actions taken. Issa, 826 S.W.2d at 160. Issa
later moved for new trial on the ground that the trial court had erred in failing to provide him an
opportunity to present evidence in mitigation of punishment. Id. The Court of Criminal Appeals
looked to the following fairness language contained in Duhart v. State, 668 S.W.2d 384
(Tex.Crim.App. 1984):
 

[f]airness would dictate that a defendant be accorded an opportunity to offer
appropriate evidence in mitigation of punishment after the revocation of ‘probation’
and the adjudication of guilt and before the assessment of punishment if such
evidence has not already been elicited during the proceedings, particularly if the
defendant requests the opportunity.

Issa, 826 S.W.2d at 161, citing Duhart, 668 S.W.2d at 387. The court then held that when a trial
court finds a violation as alleged by the State true and adjudicates a previously deferred finding of
guilt, the court must conduct a separate “second phase” to determine punishment. Issa, 826 S.W.2d
at 161.
            In Pearson, the court acknowledged that under the circumstances in Issa, a complaint could
be preserved by raising it for the first time in a motion for a new trial. Pearson, 994 S.W.2d at 179. 
But Pearson also modified Issa’s insistence on a separate punishment hearing concluding that it is
immaterial that the opportunity to present evidence came before the actual words of adjudication as
long as the defendant had the opportunity to present evidence during the proceedings. Id.
            Here, Appellant never requested a separate punishment hearing and did not object when the
trial court proceeded to sentencing immediately after adjudicating him guilty. Appellant
acknowledges his failure to object, but contends his situation places him in the same position as Issa,
such that his failure to object did not waive his complaint on appeal. Even if Issa applies, Appellant
still failed to preserve error because he did not raise a complaint about the trial court’s procedure
in his motion for new trial. He had three opportunities to do so. He could have requested a separate
punishment hearing, he could have objected to the lack of a punishment hearing when the trial court
adjudicated him guilty, and he could have moved for a new trial on that basis.


 Because he did not
avail himself of any one of these opportunities, he has failed to preserve the issue for appellate
review. See Tex.R.App.P. 33.1; Euhler, 218 S.W.3d at 92; Vidaurri v. State, 49 S.W.3d 880, 886
(Tex.Crim.App. 2001). Having overruled both issues for review, we affirm the judgment of the trial
court.




July 6, 2011                                                                 
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)