COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| SILAS SIMOENOE PANZU, | | No. 08-10-00111-CR |
| a/k/a SILAS S. PANZU, | § | |
| | | Appeal from |
| Appellant, | § | |
| | | 213th District Court |
| v. | § | |
| | | of Tarrant County, Texas |
| THE STATE OF TEXAS, | § | |
| | | (TC # 1053499D) |
| Appellee. | § | |

## **O P I N I O N**

Silas Simoenoe Panzu appeals the trial court's order revoking community supervision and adjudicating him guilty of delivery of a controlled substance, one gram or more but less than four grams of cocaine. On appeal, Appellant argues the adjudication proceeding violated his due process rights under both the United States Constitution and the Texas Constitution because the trial court revoked his community supervision and assessed punishment without holding a separate hearing on the question of punishment. For the reasons that follow, we affirm.

### **FACTUAL BACKGROUND**

On March 23, 2007, Appellant pled guilty to the offense of delivery of a controlled substance, one gram or more but less than four grams of cocaine, in exchange for deferred adjudication with four years' community supervision. Two years later, on June 12, 2009, the State filed its First Amended Second Petition to Proceed to Adjudication. In four paragraphs, the petition alleged that Appellant violated the conditions of his community supervision in the following ways: (1) on or about November 7, 2008, Appellant committed the offense of possession of marijuana, two ounces

or less; (2) on or about June 3, 2009, Appellant gave a fictitious name, to wit: Tahir Nefermaat El Bey,[1] to a police officer who had lawfully arrested or detained him; (3) Appellant failed to complete his court ordered community service hours; and (4) Appellant failed to report to his community supervision officer as scheduled during the month of May 2009.[2]

On March 18, 2010, the trial court held a hearing on the State's petition. Appellant pled not true as to all four counts.[3] At the hearing, the State presented six witnesses, and the defense presented two witnesses, including Appellant, who testified on his own behalf. At the conclusion of the evidence, and after final arguments by both sides, the trial court found the allegations in paragraphs one and two not true and the allegations in counts three and four true. The trial court then adjudicated Appellant guilty of the underlying possession charge, and immediately sentenced him to two years' imprisonment.

Appellant filed a motion for a new trial alleging: (1) that the verdict is contrary to the law and evidence; and (2) that he received ineffective assistance of counsel based on his attorney's failure to timely inform him as to new allegations. Although no ruling on the motion for a new trial appears in the record, the motion was overruled by operation of law. *See* Tex.R.App.P. 21.8(a), (c). This appeal follows.

## SEPARATE PUNISHMENT HEARING

---

[1] At the hearing, Appellant claimed the name Silas Simoenoe Panzu is a legal fiction and his actual name is Tahir Nefermaat El Bey. He claims to be an authorized representative for Silas Panzu, just as the State's attorney is an authorized representative for Texas. At the hearing he brought several documents, including a passport issued by the world service authority to Tahir Nefermaat El Bey, showing his Moorish status, or that his nationality is now that of "a Moor, an indigenous aboriginal of the continental United States." However, the trial court decided to proceed under the registered name of Silas Simoenoe Panzu absent any official documents from the State of Texas showing a name change.

[2] Appellant was required to complete 240 hours of community service at no less than twenty hours per month as directed by the court or supervision officer.

[3] As to count three, Appellant stated: "I'm going to have to -- I don't wish to answer." The court then entered a plea of not true on his behalf.

In two issues, Appellant complains that the trial court erred by failing to conduct a separate punishment hearing after finding allegations three and four to be true. According to Appellant, the trial court's failure to hold a punishment hearing deprived him of the opportunity to exercise his fundamental right to put on evidence in mitigation of punishment. The State initially responds by asserting that Appellant failed to properly preserve his complaints for Appellate review. We agree.

In general, a party must make a timely, specific, objection and obtain a ruling on the objection in order to preserve a complaint for appellate review. TEX.R.APP.P. 33.1(a); *Pearson v. State*, 994 S.W.2d 176, 179 (Tex.Crim.App. 1999). However, the Court of Criminal Appeals has recognized an exception to the general rule in certain limited circumstances. *See Issa v. State*, 826 S.W.2d 159 (Tex.Crim.App. 1992).

In *Issa*, the trial court revoked the defendant's deferred adjudication probation, adjudicated the defendant guilty, and imposed defendant's sentence in one ruling, and then left the bench without giving the defendant an opportunity to object to the actions taken. *Issa*, 826 S.W.2d at 160. Issa later moved for new trial on the ground that the trial court had erred in failing to provide him an opportunity to present evidence in mitigation of punishment. *Id*. The Court of Criminal Appeals looked to the following fairness language contained in *Duhart v. State*, 668 S.W.2d 384 (Tex.Crim.App. 1984):

> [f]airness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of 'probation' and the adjudication of guilt and before the assessment of punishment if such evidence has not already been elicited during the proceedings, particularly if the defendant requests the opportunity.

*Issa*, 826 S.W.2d at 161, *citing Duhart*, 668 S.W.2d at 387. The court then held that when a trial court finds a violation as alleged by the State true and adjudicates a previously deferred finding of guilt, the court must conduct a separate "second phase" to determine punishment. *Issa*, 826 S.W.2d at 161.

In *Pearson*, the court acknowledged that under the circumstances in *Issa,* a complaint could be preserved by raising it for the first time in a motion for a new trial. *Pearson*, 994 S.W.2d at 179. But *Pearson* also modified *Issa's* insistence on a separate punishment hearing concluding that it is immaterial that the opportunity to present evidence came before the actual words of adjudication as long as the defendant had the opportunity to present evidence during the proceedings. *Id*.

Here, Appellant never requested a separate punishment hearing and did not object when the trial court proceeded to sentencing immediately after adjudicating him guilty. Appellant acknowledges his failure to object, but contends his situation places him in the same position as *Issa,* such that his failure to object did not waive his complaint on appeal. Even if *Issa* applies, Appellant still failed to preserve error because he did not raise a complaint about the trial court's procedure in his motion for new trial. He had three opportunities to do so. He could have requested a separate punishment hearing, he could have objected to the lack of a punishment hearing when the trial court adjudicated him guilty, and he could have moved for a new trial on that basis.[4] Because he did not

---

[4] Even if Appellant had raised the issue in his motion for a new trial, his argument is unpersuasive. Upon revocation in the case at bar Appellant was given the opportunity to present, and did present, evidence during the proceeding. While a trial court must provide a defendant the opportunity to present punishment evidence, all that is required is that a defendant be given an opportunity to present evidence; it is not necessary that a punishment hearing be held at a different time or date. *See Euler v. State*, 218 S.W.3d 88, 91 (Tex.Crim.App. 2007); *see also Morris v. State*, No. 06-03-00069-CR, 2003 WL 22763214 *2 (Tex.App.--Texarkana Nov. 24, 2003, no pet.); *Norman v. State*, 844

avail himself of any one of these opportunities, he has failed to preserve the issue for appellate review. *See* TEX.R.APP.P. 33.1; *Euhler*, 218 S.W.3d at 92; *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex.Crim.App. 2001). Having overruled both issues for review, we affirm the judgment of the trial court.[5]

July 6, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

S.W.2d 903, 904 (Tex.App.--Texarkana 1992, no pet.)(cases noting that while *Issa* relaxed the requirement of a contemporaneous objection, a defendant is still required to bring his or her complaint to the trial court's attention in some fashion to preserve error for review). Appellant's contention that he was denied the ability to prepare and present certain mitigating evidence is similarly unpersuasive. *See Euhler*, 218 S.W.3d at 91("Part of being prepared for a revocation hearing is being prepared to present evidence and argument on the question of the proper disposition in the event that the trial court finds that the conditions of probation have been violated.").

[5] Although not identified as a separate issue, Appellant also contends in his brief that even if we find that he failed to preserve error, we are still permitted to recognize fundamental error in criminal cases under Texas Rule of Evidence 103 and should do so here. For the reasons stated above, we do not find fundamental error occurred and we need not address the same argument again under a different name.