

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00196-CR

———————————————

D KENDRIK DEWAYNE MOORE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1636632D

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

D Kendrik Moore filed a pro se notice of appeal from the trial court's judgment adjudicating him guilty of sexual assault of a child under seventeen years of age. *See* Tex. Penal Code Ann. § 22.011(a)(2). The trial court sentenced him to two years' confinement in accordance with an agreement in which Moore pled true to the allegations in the State's petition to proceed to adjudication in exchange for the State's two-year punishment recommendation. Moore signed written plea admonishments that included a waiver of the right of appeal.[1]

The trial court's certification of Moore's right to appeal states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2). Based on the certification, we notified Moore that his appeal would be dismissed unless, within ten days, he or any party desiring to continue the appeal filed a response showing grounds for continuing it. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. More than ten days have passed, and the only response we have received was a slightly

---

[1]The written admonishments informed Moore that "[a] motion to revoke your community supervision or a petition to proceed to adjudication has been filed in which you are charged with a violation of the conditions of your community supervision" and that "[t]he punishment agreement is: 2 years TDC." In that document, Moore agreed that he was aware of the consequences of his plea and that he "g[a]ve up and waive[d] any and all rights of appeal." Under a section titled "Judicial Confession," Moore swore that he "enter[ed] [his] plea of true to each and every act alleged" in the State's petition.

modified version of Moore's notice of appeal on which he had written some citations to authority, none of which have any apparent application to this case.[2]

Rule 25.2(a)(2) does not restrict a defendant's right of appeal when he pleads true to one or more allegations in a petition to adjudicate. *See* Tex. R. App. P. 25.2(a)(2); *Hargesheimer v. State*, 182 S.W.3d 906, 911–12 (Tex. Crim. App. 2006) (concluding that a case in which a defendant pleads true to allegations in a motion to adjudicate is not a plea-bargain case under rule 25.2(a)(2)); *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) ("[Rule 25.2(a)(2)] refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions."). However, Moore's waiver of his right of appeal is binding because he signed the waiver and pled true in exchange for the State's punishment recommendation, and the trial court followed the recommendation. *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000); *Jackson v. State*, 168 S.W.3d 239, 242–43 (Tex. App.—Fort Worth 2005, no pet.). Because Moore waived his right to appeal the trial court's adjudication judgment, we dismiss his appeal. *See* Tex. R. App. P. 43.2(f); *Jackson*, 168 S.W.3d at 243; *see also Salazar v. State*, No. 02-18-00004-CR, 2018 WL 1324487, at

---

[2]Moore did not explain the significance of the cited authority or why this court should continue his appeal, and the cited authority does not address a waiver of the right to appeal under the circumstances of this case. *See* U.S. Const. amend. V, VI, XIV; Tex. Code Crim. Pro. Ann. arts. 37.07, 42.12 (repealed by Act of May 26, 2015, 84th Leg., ch. 770 (H.B. 2299), § 3.01); *Koller v. State*, 518 S.W.2d 373, 374 (Tex. Crim. App. 1975); *Duhart v. State*, 652 S.W.2d 824, 825 (Tex. App.—Fort Worth 1983), *aff'd*, 668 S.W.2d 384 (Tex. Crim. App. 1984).

*1 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (mem. op., not designated for publication).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 10, 2022