**AFFIRMED and Opinion Filed May 16, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00565-CR**

**No. 05-21-00566-CR**

**HENRY LEE CAREY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1910416-H & F-1955133-H**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy[1]
Opinion by Justice Goldstein

Appellant Henry Lee Carey appeals the trial court's judgments adjudicating guilt for aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03. In his sole issue, appellant contends that the trial court erred by failing to hold a separate hearing on punishment. We affirm in this memorandum opinion. TEX. R. APP. P. 47.2(b).

---

[1] The Honorable Justice David J. Schenck was originally a member of this panel. The Honorable Justice Kennedy succeeded Justice Schenck when his term expired on December 31, 2022. Justice Kennedy has reviewed the briefs and the record.

In Cause No. F-1910416-H, appellant was indicted for aggravated robbery with a deadly weapon alleged to have occurred in May 2019. In Cause No. F-19-55133-H, appellant was indicted for aggravated robbery with a deadly weapon alleged to have occurred in September 2019. Pursuant to a plea-bargain agreement with the State, appellant made an open plea of guilty to both charges. In each case, the trial court entered an order of deferred adjudication community supervision for ten years. In April 2021, the State filed motions to revoke in each cause, alleging that appellant had violated the terms of his community supervision. At a hearing on June 7, 2021, appellant pleaded true to the allegations in the State's motion. The trial court heard evidence regarding the alleged violations. After the parties rested and closed the evidence, the trial court found the allegations true and sentenced appellant to fifteen years' confinement in each cause, with the sentences to run concurrently.

In his sole issue, appellant complains that the trial court erred by failing to conduct a separate hearing on punishment. The State argues that this issue was not preserved for appeal.[2] We agree with the State. A criminal defendant whose guilt has been adjudicated has a right to a separate punishment hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.110(a); *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim.

---

[2] The State alternatively argues that even if error had been preserved, appellant was not entitled to a separate punishment hearing because he presented mitigation evidence during the June 7, 2021 hearing. *See Duhart v. State*, 668 S.W.2d 384, 387 (Tex. Crim. App. 1984) ("Fairness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of "probation" and the adjudication of guilt and before the assessment of punishment *if such evidence has not already been elicited during the proceedings*, particularly if the defendant requests the opportunity." (emphasis added)). Given our disposition of this case on error-preservation grounds, we need not address this alternative argument. *See* TEX. R. APP. P. 47.1.

App. 1992) ("[W]hen a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment."). However, the entitlement to a separate punishment hearing "is a statutory right which can be waived." *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). In order to preserve the issue for appeal, the defendant must request a separate punishment hearing, object to the trial court's failure to hold a separate punishment hearing, or, if the defendant had no opportunity to object, file a motion for new trial. *See id.* at 885–86 (citing TEX. R. APP. P. 21.2 & 33.1).

Here, appellant neither objected to the trial court's failure to hold a separate punishment hearing nor filed a motion for new trial after his guilt was adjudicated. We therefore conclude appellant failed to preserve this issue for appeal.

We overrule appellant's sole issue and affirm the trial court's judgments.

/Bonnie Lee Goldstein//

210565f.u05
210566f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)

BONNIE LEE GOLDSTEIN
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

HENRY LEE CAREY, Appellant

No. 05-21-00565-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1955133-H.
Opinion delivered by Justice Goldstein. Justices Reichek and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of May, 2023.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

HENRY LEE CAREY, Appellant

No. 05-21-00566-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1910416-H.
Opinion delivered by Justice Goldstein. Justices Reichek and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of May, 2023.