**Michael Miller EULER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–03–01456–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 1, 2005.

Rehearing Overruled Feb. 24, 2005.

---

Don L. Hendrix, Houston, for appellant.

Alan Curry, Houston, for appellee

Panel consists of Chief Justice
HEDGES and Justices WANDA McKEE
FOWLER and SEYMORE.

## OPINION

WANDA McKEE FOWLER, Justice.

Appellant was sentenced to two years' confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a $1,000.00 fine after the trial court found he had violated the terms and conditions of his community supervision. In a single point of error, appellant contends the trial court erred by refusing to hold a separate hearing on punishment and by denying appellant's motion for new trial, in which he again urged the court to grant a separate hearing on punishment. We affirm.

### Procedural Background

In November of 2000, appellant was sentenced to four years' confinement, which was probated, and assessed a $1,000.00 fine after pleading guilty to the felony offense of bribery. In July of 2003, the State moved to revoke appellant's community supervision and, in December of 2003, the State filed its first amended motion to revoke. The State alleged appellant violated the terms and conditions of his probation by using cocaine and operating a motor vehicle while intoxicated by alcohol. Appellant pleaded 'not true' and the trial court held a hearing on the motion. After the hearing, the trial court found appellant had violated the terms of his community supervision and imposed a two-year sentence and a $1,000.00 fine. At the hearing, appellant's counsel asked the trial court to hold a separate punishment hearing, which the trial court refused. Later, appellant filed a motion for new trial, again requesting a separate hearing on punishment; the trial court denied this request as well.

### Analysis

On appeal, appellant contends the trial court erred by refusing his requests for a separate hearing on the issue of punishment. Appellant argues that the trial court's action in sentencing him without an opportunity to be heard violated his due process rights under the United States and Texas constitutions. Appellant relies primarily upon *Issa v. State* and *Duhart v. State* to establish his right to a separate punishment hearing. These cases, however, do not necessarily require a separate punishment hearing when a trial court revokes community supervision. Rather, under *Pearson v. State,* appellant received all

that he was entitled to because he had the opportunity to, and did, present mitigating evidence during the proceedings.

### 1. Duhart v. State

■ In *Duhart*, the Texas Court of Criminal Appeals stated that "[f]airness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of 'probation' and the adjudication of guilt and before the assessment of punishment *if such evidence has not already been elicited during the proceedings,* particularly if the defendant requests the opportunity." *Duhart v. State,* 668 S.W.2d 384, 387 (Tex.Crim.App.1984) (en banc) (emphasis added). Thus, *Duhart* requires only that a defendant have the opportunity to present evidence to mitigate punishment; it does not require a separate punishment hearing after a defendant's community supervision is revoked.

In this case, appellant had the opportunity to, and did, in fact, offer evidence in mitigation of his punishment. In his motion for new trial, appellant asserted that he would have presented the following mitigating evidence in a separate punishment hearing:

- appellant was diagnosed by reputable physicians with continuing neurological disorders, which cause him slurred speech, short-term memory loss, and bouts of depression, and

- appellant was still under the care of physicians who treat and monitor him, and adjust the frequency and dosage of his medications.

Our review of the record reveals appellant already presented similar evidence during the proceeding to revoke his community supervision.[1] Because appellant elicited this mitigating evidence during the proceedings, *Duhart* did not require a separate punishment hearing.

### 2. Issa v. State

■ Later, in *Issa,* the Texas Court of Criminal Appeals determined that a punishment hearing was required when the trial court finds a defendant violated the terms and conditions of his or her 'deferred adjudication' probation. *Issa v. State,* 826 S.W.2d 159, 161 (Tex.1992) (en banc). When a defendant's adjudication is deferred and the State moves to revoke the defendant's probation, the trial court must first adjudicate the defendant's guilt. *Id.* Once the trial court has adjudicated the defendant's guilt, *Issa* requires the trial court to conduct a second phase to determine punishment. *Id.* This case, however, is distinguishable from *Issa* because appellant's guilt had *already* been adjudicated. Appellant pled guilty to the bribery charge and was placed on community supervision. The present appeal involves only the revocation of his community supervision. *See Moore v. State,* 11 S.W.3d 495, 499 (Tex. App.-Houston [14th Dist.] 2000, no pet.)

---

1. Appellant's former attorney testified that appellant suffered from a neurological disorder and was prescribed medication for depression. A former interpreter for the hearing and speech impaired who knew appellant socially also testified. She testified that appellant's neurological problems rendered him unable to speak clearly. Appellant testified that he was continuing to take medication. Finally, appellant introduced a letter from his doctor. In the letter, the doctor stated appellant had problems with his speech, anger

control and depression after his head injury in 1998. The doctor also stated he had recommended appellant begin taking Depakote for his depression. In addition to the type of mitigating evidence appellant cited in his motion for new trial, appellant was able to offer the following mitigating evidence. Appellant testified that he was participating in an alcoholics anonymous program and working as an environmental consultant in an environmental agency.

(finding a defendant's guilt is not at issue in a revocation proceeding because the only question is whether the defendant broke the contract he made with the court after the guilt determination). *Issa* did not address, and therefore could not require, a separate punishment hearing when one's guilt has already been adjudicated and the sole issue is whether to revoke community supervision.

### 3. *Pearson v. State*

Finally, our decision in appellant's case is controlled by *Pearson v. State,* a case the Texas Court of Criminal Appeals decided after *Duhart* and *Issa.* 994 S.W.2d 176 (Tex.Crim.App.1999) (en banc). In *Pearson,* the court reaffirmed its decision in *Issa,* stating that the appellant in that case had preserved error and was entitled to a separate punishment hearing when he had "neither the opportunity to present punishment evidence nor the opportunity to object to the trial court's action." *Id.* at 178. The court then distinguished Pearson's situation because he "not only had the opportunity to, but did present punishment evidence." *Id.* at 179. The court found it "immaterial" that the opportunity to present evidence came before the trial court revoked appellant's probation. According to the court, "[a]ppellant had the *opportunity* to present evidence *during the proceedings*" and "[t]hat is all that is required." *Id.* In this case, appellant was also able to present evidence in mitigation of his punishment, even though this did not occur during a separate punishment hearing. Because appellant already presented mitigating evidence during the proceedings, the trial court did not err in denying appellant's requests for a separate punishment hearing. *See Hardeman v. State,* 1 S.W.3d at 689, 690–91 (Tex.Crim. App.1999) (finding *Issa* does not stand for a defendant's absolute right to a separate punishment hearing, but only requires an opportunity for the defendant to present mitigating evidence *if* that right was not afforded during the adjudication). We have no doubt that the trial court considered the evidence, though not presented in a separate punishment hearing, particularly since appellant received a two-year sentence rather than the four-year sentence the original trial court found was appropriate. We overrule appellant's sole point of error and affirm.