# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### January 3, 2013 Session

# JIM HAMMOND, SHERIFF OF HAMILTON COUNTY ET AL. v. CHRIS HARVEY ET AL.

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Chancery Court for Hamilton County**
**No. 110215      W. Frank Brown, III, Chancellor**

---

**No. E2011-01700-SC-R11-CV - Filed August 13, 2013**

---

The issue presented in this case is whether a county civil service board was authorized to order the county sheriff to equalize the pay of all sergeants employed within the sheriff's office.  A group of sergeants, who were paid varying amounts within an established pay range, filed a grievance regarding pay disparities among sergeants in the sheriff's office.  When the sheriff rejected the grievance, the sergeants filed a grievance with the sheriff's department civil service board.  The board upheld the grievance and ordered the sheriff to equalize the pay of all sergeants in the sheriff's office.  The sheriff and the county appealed to the Hamilton County Chancery Court, which held that the board did not have the authority to order pay equalization and declared the board's ruling null and void.  The Court of Appeals ruled that the board exceeded its statutory authority, but remanded the case to the board so it could direct the sheriff to take the necessary steps to eliminate the pay disparity.  Pursuant to Tenn. Code Ann. § 8-8-409(3) (2011), we hold that the board had the authority to hear the grievance, but in the absence of proof that the sheriff violated state law or the sheriff's department civil service manual, the board lacked the power to order the remedy of salary equalization.  There was no proof that the sheriff violated state law, and the civil service manual specifically gave the sheriff the authority to make individual pay determinations.  The judgment of the Court of Appeals is reversed, and the case is remanded to the Chancery Court for further proceedings as are necessary.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals Reversed; Case Remanded to the Chancery Court**

SHARON G. LEE, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and JANICE M. HOLDER, CORNELIA A. CLARK, and WILLIAM C. KOCH, JR., JJ., joined.

R. Dee Hobbs, Chattanooga, Tennessee, for the appellants, Jim Hammond, Sheriff of Hamilton County, and Hamilton County, Tennessee.

Thomas Clifton Greenholtz and Harold Lebron North, Jr., Chattanooga, Tennessee, for the appellees, Chris Harvey, Ricky Jones, Mark King, Mark Kimsey, Mark Williams, and Jody Mays.

**OPINION**

**I.**

On November 6, 2009, Sergeant Eric Merkle of the Hamilton County Sheriff's Office ("Sheriff's Office") requested a current listing of the Sheriff's Office sergeants and their rates of pay from Don Gorman, the Director of Administration for the Sheriff's Office. Mr. Gorman provided the information, which indicated that the pay rates for the nineteen sergeants employed in the Sheriff's Office ranged from a low of $21.09 per hour to a high of $23.96 per hour.[1]

A group of sergeants requested Sheriff Jim Hammond ("the Sheriff") to raise the hourly pay of all the Sheriff's Office sergeants to $23.96, which was the hourly rate of the highest paid sergeant, so that all sergeants received equal pay. In response, the Sheriff increased the pay of twelve sergeants to $21.68 per hour, the median hourly pay rate for all sergeants. This action did not resolve the controversy.

On September 20, 2010, six sergeants[2] ("the Employees") filed a written grievance, pursuant to the Hamilton County Sheriff's Office Manual of Civil Service ("the Civil Service Manual"), over the disparity in the Employees' pay, arguing that it was "contrary to equity of justice" and that such disparity did not exist for other employee classifications within the department. The Sheriff denied the grievance. The Employees then sought relief from the Hamilton County Sheriff's Department Civil Service Board ("the Board").[3] During

---

[1] This calculates to an annual salary range of $43,869.10 to $49,840.20.

[2] The sergeants who filed the grievance were Chris Harvey, Ricky Jones, Mark King, Mark Kimsey, Mark Williams, and Jody Mays. All of these sergeants earned a lower hourly rate than the highest paid sergeant; all but Sergeant King received a raise and earned $21.68 per hour after the Sheriff granted pay raises before the grievance was filed.

[3] Section 1124(1)(E) of the Civil Service Manual provides: "If the employee is not satisfied with the decision of the Sheriff, the employee may, after all internal avenues have been exhausted, file a grievance
(continued...)

testimony before the Board on January 27, 2011, Mr. Gorman and the Sheriff acknowledged that there were disparities in sergeants' pay for various reasons, including that some sergeants were hired in at different times when different pay systems were in effect; that some sergeants had different ranks and earned different rates of pay when they were promoted to sergeant and an employee's pay is not reduced when he or she moves to another position; and that the Sheriff, in his discretion, determines sergeant pay rates and raises based on a number of factors, including job performance, length of service, education, and the particular job performed.

The Sheriff objected to equalizing the sergeants' pay. His reasons included that the salaries were all within the pay range established by the Hamilton County Commission and that the Sheriff's budget did not include adequate funds to equalize pay by giving the requested pay raises.[4] The Sheriff feared that equalization would open "Pandora's Box" because employees throughout the Sheriff's Office were paid different salaries within a range, and the total cost of equalization would be approximately $926,600. The Sheriff also wanted to retain the discretion to set the sergeants' pay within a range based on job performance, length of service, and other relevant and appropriate factors. The Board voted, however, to uphold the grievance to equalize the sergeants' pay, stating "if all [s]ergeants do the same job [then] they should be paid the same if there is no written criteria to establish standards."

The Sheriff and Hamilton County petitioned the Chancery Court for Hamilton County for a writ of certiorari seeking judicial review of the Board's decision under Tenn. Code Ann. §§ 27-9-101 to -114 (2000 & Supp. 2012), arguing that the Board had exceeded its statutory authority by directing the Sheriff to equalize the pay for all sergeants. The Chancery Court for Hamilton County reviewed the record and ruled that the Board had exceeded its statutory authority by upholding the grievance and directing the Sheriff to equalize pay. The Court of Appeals reversed the Chancellor's decision. *Hammond v. Harvey*, No. E2011-01700-COA-R3-CV, 2012 WL 651631, at *9 (Tenn. Ct. App. Feb. 29, 2012). The Court of Appeals ruled that the Board had exceeded its authority by directing the equalization of pay. The Court of Appeals, however, remanded the case back to the Board so that it could direct the Sheriff to take the necessary steps to eliminate the disparity in sergeants' pay, reasoning that it was the Sheriff, not the Board, that should determine how to eliminate the pay disparities.

---

[3](...continued)
with the Civil Service Board."

[4] The Sheriff explained that equalizing pay for all sergeants would cost approximately $74,500.

We granted the Tenn. R. App. P. 11 application for permission to appeal filed by the Sheriff and Hamilton County.[5]

## II.

The issue in this case is *not* whether sergeants in the Sheriff's Office are paid different hourly rates, ranging from $21.68 per hour to $23.96 per hour, for performing the same work. It is undisputed that there are pay disparities among sergeants within the pay range established by the Hamilton County Commission. There are no allegations that the pay disparities are based on gender, race, political considerations, or violations of state law. The issue is whether the Board exceeded its statutory authority by ordering the Sheriff to eliminate all pay disparity among sergeants.

We review the Board's decision in conformity with the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-322 (2011) ("the Act"). Tenn. Code Ann. § 27-9-114(b)(1). Under the Act, a reviewing court can reverse an administrative decision if the decision is:

(1)  In violation of constitutional or statutory provisions;

(2)  *In excess of the statutory authority of the agency;*

(3)  Made upon unlawful procedure;

(4)  Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5)  Unsupported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 4-5-322(h) (emphasis added).

[5] In our order granting review, we directed the Sheriff and Hamilton County to supplement the record with a copy of the Civil Service Manual and to give consideration to Personnel Policy 1124(1)(A), which provides: "Any employee who feels he/she has received unfair treatment in reference to pay . . . or any other matter may file a grievance with management using the procedures outlined below." The Court of Appeals did not consider the Civil Service Manual and denied the parties' request to supplement the record with the Civil Service Manual.

Any action by the Board must be based on an express statutory grant of authority or must arise by necessary implication from an express statutory grant of authority. *Sanifill of Tenn., Inc. v. Tenn. Solid Waste Disposal Control Bd.*, 907 S.W.2d 807, 810 (Tenn. 1995). An action by an administrative agency that exceeds the scope of authority delegated to the agency by the legislature has no force or effect. *Faust v. Metro. Gov't of Nashville*, 206 S.W.3d 475, 498 (Tenn. Ct. App. 2006).

The Board receives its powers from a statutory grant of authority under the County Sheriff's Civil Service Law of 1974, Tenn. Code Ann. §§ 8-8-401 to -419 (2011), which was adopted by Hamilton County in 1980. The duties of the Board enumerated in the County Sheriff's Civil Service Law of 1974, which are also listed in section 203 of the Civil Service Manual, include the following:

(1)     Adopt and amend rules and regulations for the administration of this part;

(2)     Make investigations concerning the enforcement and effect of this part and require observance of the rules and regulations made thereunder;

(3)     *Hear and determine appeals and complaints respecting the administration of this part;*

(4)     Establish and maintain a roster of all employees of the classified service and the office of the sheriff showing their position, rank, compensation and place of residence;

(5)     Ascertain and record the duties and responsibilities pertaining to all positions in the classified service and classify such positions in the manner hereinafter provided;

(6)     Except as otherwise provided in this part, formulate and hold competitive tests to determine the qualifications of persons who seek employment in any position, and as a result of such tests, establish employment lists of eligibles for the various positions;

(7)     Establish records of performance and a system of service ratings to be used to determine promotions, the order of layoffs and reemployment and for other purposes;

(8)     Keep any other such records as may be necessary for the proper administration of this part; and

(9)     Determine all fringe benefits to employees coming under the provisions of this part.

Tenn. Code Ann. § 8-8-409 (emphasis added).

Our focus is on the meaning of subsection (3). The Employees contend that the Board acted within its express statutory grant of authority or its implied authority to "hear and determine appeals and complaints respecting the administration of this part" under Tenn. Code Ann. § 8-8-409(3) when it ordered salary equalization. Moreover, the Employees argue that the Civil Service Manual expressly allows grievances to be filed with the Board alleging unfair treatment regarding pay. The Sheriff counters that the general statutory language "to hear and determine appeals" does not give the Board the power to order the remedy of salary equalization. Further, the Sheriff contends that the Civil Service Manual cannot be used to extend the statutory power of the Board, and in any event, the Civil Service Manual specifically gives the Sheriff the authority to make individual pay determinations.

Our review of the Board's authority under the County Sheriff's Civil Service Law of 1974 involves a question of law; therefore, our review is de novo, and we do not presume the correctness of the trial court's decision. *Brundage v. Cumberland Cnty.*, 357 S.W.3d 357, 364 (Tenn. 2012); *Seals v. H & F, Inc.*, 301 S.W.3d 237, 241-42 (Tenn. 2011). When we interpret a statute, we ascertain and give full effect to the legislative intent behind the statute without restricting or expanding the statute's intended meaning. *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012). When the statutory language is clear and unambiguous, we apply its plain meaning and ordinary usage. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). When we construe statutory provisions, we do so in a manner that will not render them meaningless or useless. *Mercy v. Olsen*, 672 S.W.2d 196, 200 (Tenn. 1984); *Hoyer-Schlesinger-Turner, Inc. v. Benson*, 479 S.W.2d 223, 224-25 (Tenn. 1972). These general principles of statutory construction also apply to administrative regulations and rules. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 679 (Tenn. 2002); *see also Clear Channel Outdoors v. Tenn. Dep't of Transp.*, 337 S.W.3d 801, 806-07 (Tenn. Ct. App. 2010).

After hearing the Employees' complaints about the disparity in pay, the Board remedied the alleged wrong by ordering the equalization of pay for all sergeants. Although the County Sheriff's Civil Service Law of 1974 authorizes the Board to "hear and determine" grievances, that grant of authority does not provide the Board with unlimited power to order any remedy it chooses. In the absence of proof that the Sheriff violated state law or the Civil

Service Manual, the specific remedy of salary equalization is beyond the statutory authority of the Board.

Tenn. Code Ann. § 8-8-409(4) provides that the Board shall "[e]stablish and maintain a roster of all employees of the classified service and the office of the sheriff showing their position, rank, compensation and place of residence," but this provision does not provide the Board with the authority to set sergeants' salaries. Tenn. Code Ann. § 8-8-409(9) gives the Board the power to determine "fringe benefits," but this provision does not authorize the Board to determine the level of employee compensation. *See Crawley v. Hamilton Cnty. Board*, 193 S.W.3d 453, 455 (Tenn. 2006) (fringe benefits does not include compensation for on-the-job injuries). Tenn. Code Ann. § 8-8-411(2011) provides that the Board shall adopt a "classification plan" that determines the "requirements of each position and class," but this provision does not give the Board any power to determine salaries. Under Tenn. Code Ann. § 8-20-120 (2011), the Hamilton County Commission, not the Board, determines the budget for the Sheriff's Office.[6]

The Employees contend that under Section 1124(1)(A) of the Civil Service Manual, the Board has the power to order broad remedies. Section 1124(1)(A) provides that "[a]ny employee who feels he/she has received unfair treatment in reference to pay, benefits, performance evaluations, promotions, transfers, scheduling, unjust disciplinary action, or any other matter may file a grievance with management . . . ." The plain language of the Civil Service Manual permits the Board to hear a grievance regarding unfair treatment in reference to pay. But this provision cannot extend the authority of the Board to provide the remedy of salary equalization in this case where there has been no proof of "unfair treatment" or discrimination – such as favoring particular employees based on race or gender.

Numerous provisions of the Civil Service Manual support the conclusion that the Sheriff may exercise discretion in setting the rate of pay for his employees. Section 501 of the Manual provides that the Sheriff's salary plan "shall also provide for annual salary increases based on individual employee performance." Section 503 provides that the Sheriff "may make special allowances" for certain officers who "have experience and the qualifications of the Job Standard of a higher step than that of base salary within a group or classification." The Sheriff has the right under this provision to decide that certain sergeants are entitled to receive more money than other sergeants, given such factors as length of service to the department, the prior position held by the sergeant, and other factors. Section 504 provides that annual salary increases "shall be awarded within budgetary restraints and based on individual performance evaluations." Section 505 provides that the Sheriff may

_____

[6] If a county commission fails to provide an adequate budget, "the sheriff may seek a writ of mandamus to compel such appropriation." Tenn. Code Ann. § 8-20-120.

-7-

give a special raise of three percent to "exceptionally performing employees." Section 507 provides: "Once all new employees have been adjusted to fall within their new salary ranges, increases will be allotted on the basis of individual performance." Section 513 provides that the Sheriff may "authorize special compensation for those employees working unusual and difficult hours, such as third shift." All of these provisions in the Manual indicate and anticipate salary disparities based on the Sheriff's determination as to individual performance. The Board's order to the Sheriff to equalize the sergeants' pay is in direct conflict with these provisions of the Civil Service Manual.

To require the Sheriff to equalize all pay in the context of this case would conflict with well-settled principles of statutory construction. "One of the primary duties of the judiciary is to check other branches of the government when they exceed their constitutional or statutory authority." *Carter v. Olsen*, 660 S.W.2d 483, 485 (Tenn. 1983). We exercise that duty in this case. There was no evidence that the Sheriff violated state law or any provisions of the Civil Service Manual. Therefore, the Board exceeded its statutory authority by constructing this particular remedy, and its ruling is of no force and effect.

## Conclusion

We hold that the Board exceeded its authority by ordering the Sheriff to pay all sergeants the same hourly rate. The judgment of the Court of Appeals is reversed, the judgment of the trial court is reinstated, and this cause is remanded to the trial court for such further proceedings as are necessary. Costs are taxed to Chris Harvey, Ricky Jones, Mark King, Mark Kimsey, Mark Williams, and Jody Mays, and their surety, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE

-8-