ACCEPTED
06-14-00209-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/18/2015 3:42:44 PM
DEBBIE AUTREY
CLERK

**ORAL ARGUMENT WAIVED**

CAUSE NOS. 06-14-00209-CR

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA
_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

2/18/2015 3:42:44 PM

DEBBIE AUTREY
Clerk

KELVIN SHAMAR MOORE, JR., Appellant

V.

THE STATE OF TEXAS, Appellee
_____

ON APPEAL FROM THE 6TH JUDICIAL DISTRICT COURT
RED RIVER COUNTY, TEXAS; HONORABLE ERIC CLIFFORD;
TRIAL COURT NO. CR02059
_____

# APPELLEE'S (STATE'S) BRIEF
_____

Val J. Varley, County and District Attorney
Red River County and District Attorney's Office
Red River County Courthouse
400 North Walnut Street
Clarksville, Texas     75426-4012
(903) 427-2009
(903) 427-5316 (Fax)

**ATTORNEYS FOR THE STATE OF TEXAS**

1

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.2(a)(1)(A), the list of parties and counsel is not required to supplement or correct the appellant's list.

# **TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL      2

TABLE OF CONTENTS      3

INDEX OF AUTHORITIES      4

STATEMENT OF THE CASE      6

STATEMENT REGARDING ORAL ARGUMENT      7

ISSUES PRESENTED IN REPLY      8

INTRODUCTION      9

STATEMENT OF FACTS      10

SUMMARY OF THE ARGUMENT      15

ARGUMENT AND AUTHORITIES      16

PRAYER      24

CERTIFICATE OF COMPLIANCE      25

CERTIFICATE OF SERVICE      25

# INDEX OF AUTHORITIES

**TEXAS CASES:**                                                                                    **PAGE(S):**

*Borders v. State*,
846 S.W.2d 834 (Tex. Crim. App. 1992).                                                      17-18

*Cates v. State*,
402 S.W.3d 250 (Tex. Crim. App. 2013).                                                       23

*Euler v. State*,
158 S.W.3d 75 (Tex. App.--Houston [14th Dist.] 2005), *aff'd*,
218 S.W.3d 88 (Tex. Crim. App. 2007).                                                        18-19

*Hardeman v. State*,
1 S.W.3d 689 (Tex. Crim. App. 1999).                                                          16

*Issa v. State*,
826 S.W.2d 159 (Tex. Crim. App. 1992).                                                        16

*Kinslow, Robert Shane v. The State of Texas*,
No. 06-14-00083-CR, 2014 Tex. App. LEXIS 13619,
2014 WL 7204556 (Tex. App.--Texarkana December 19, 2014,
no pet.) (mem. op., not designated for publication).                                        16-18

*Manuel v. State*,
994 S.W.2d 658 (Tex. Crim. App. 1999).                                                        21

*Martin v. State*,
405 S.W.3d 944 (Tex. App.--Texarkana 2013, no pet.).                                          23

*Mayer v. State*,
309 S.W.3d 552 (Tex. Crim. App. 2010).                                                        23

*Pearson v. State*,
994 S.W.2d 176 (Tex. Crim. App. 1999).                                                     16, 18-19

*Riles v. State*,
417 S.W.3d 606 (Tex. App.--Amarillo 2013).                                                   23
*Riles, Tawona Sharmin v. The State of Texas*,

No. PD-1757-13, 2015 Tex. Crim. App. LEXIS 135,
2015 WL 457915 (Tex. Crim. App. February 4, 2015)
(designated for publication).                                    20-22

*Vidaurri v. State*,
49 S.W.3d 880 (Tex. Crim. App. 2001).                           17-18

*Wiley v. State*,
410 S.W.3d 310 (Tex. Crim. App. 2013).                          21, 23

**TEXAS CODE(S):**                                    **PAGE(S):**

Tex. Health & Safety Code Ann. § 481.112(a) (West 2010).        6, 10

Tex. Health & Safety Code Ann. § 481.112(c) (West 2010).        6, 10

Tex. Health & Safety Code Ann. § 481.102(3)(D) (West 2010).     6, 10

**TEXAS RULES OF APPELLATE PROCEDURE:**              **PAGE(S):**

Tex. R. App. P. 9.4(i)(3)                                       25

Tex. R. App. P. 9.5                                             25

Tex. R. App. P. 33.1                                            17-18

Tex. R. App. P. 38.2                                            9

Tex. R. App. P. 38.2(a)(1)(A)                                   2

Tex. R. App. P. 43.2                                            23

Tex. R. App. P. 44.2(b)                                         19

Tex. R. App. P. 49.1                                            17

## STATEMENT OF THE CASE

This is an appeal from the trial court's judgment adjudicating guilt and revoking Moore's community supervision. *See* CR, pgs. 64-65.

A grand jury in Red River County returned an original indictment that charged Moore with the second-degree felony offense of possession of a controlled substance in penalty group one with intent to deliver, to-wit: cocaine in an amount of one gram or more but less than four grams. *See* CR, pgs. 8-9. *See also* Tex. Health & Safety Code Ann. § 481.112(a), (c) (West 2010). In due course, the trial court signed an Order of Deferred Adjudication (CR, pgs. 44-45) that placed Moore on community supervision (or "probation"). *See* RR, pgs. 23-24.

Subsequently, the State filed a motion to proceed with adjudication. *See* CR, pgs. 52-57. After a revocation hearing, the trial court revoked Moore's community supervision, found him guilty of the underlying offense and sentenced him to 12 years in the Texas Department of Criminal Justice, Institutional Division. *See* RR, pgs. 33-34. From the trial court's final judgment adjudicating guilt (CR, pgs. 64-65), Moore timely filed his notice of appeal. *See* CR, pg. 70.

By this appeal, Moore brought two (2) issues/points of error.

## STATEMENT REGARDING ORAL ARGUMENT

The State will waive oral argument in the above-styled and numbered appellate cause. *See* Tex. R. App. P. 38.2(a).

## ISSUES PRESENTED IN REPLY

**ISSUE PRESENTED IN REPLY NO. 1:** THE APPELLANT WAIVED THE STATUTORY RIGHT TO A SEPARATE PUNISHMENT HEARING BY NOT OBJECTING, OR BY NOT FILING A MOTION FOR NEW TRIAL; AND IN THE ALTERNATIVE, THE APPELLANT HAD THE OPPORTUNITY TO PRESENT HIS MITIGATING EVIDENCE.

**SECOND ISSUE PRESENTED IN REPLY NO. 2:** THE APPELLANT PROCEDURALLY DEFAULTED HIS CLAIM AS TO $937.50 IN COURT-APPOINTED ATTORNEY'S FEES, BUT THIS COURT SHOULD MODIFY THE TRIAL COURT'S JUDGMENT TO DELETE THE COURT-APPOINTED ATTORNEY'S FEES OF $993.75, AND SHOULD AFFIRM, AS MODIFIED, THE TRIAL COURT'S FINAL JUDGMENT OF CONVICTION.

CAUSE NO. 06-14-00209-CR

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA
_____

KELVIN SHAMAR MOORE, JR., Appellant

V.

THE STATE OF TEXAS, Appellee
_____

ON APPEAL FROM THE 6TH JUDICIAL DISTRICT COURT
RED RIVER COUNTY, TEXAS; HONORABLE ERIC CLIFFORD;
TRIAL COURT NO. CR02059
_____

# APPELLEE'S (STATE'S) BRIEF
_____

COMES NOW, the State of Texas, by and through the elected County and District Attorney of Red River County, Val J. Varley, and the County and District Attorney's Office of Red River County, files this Appellee's Brief in accordance with Rule 38.2 of the Rules of Appellate Procedure.

Unless otherwise indicated, Kelvin Shamar Moore, Jr., will be referred to as "Moore" or "the appellant." The State of Texas will be referred to as "the State" or "the appellee."

## STATEMENT OF FACTS

### After Indictment, the Trial Court Placed Moore on Deferred Community Supervision.

On September 26, 2013, a grand jury in Red River County returned an original indictment against Moore that charged him with the felony offense of possession of a controlled substance in penalty group one with intent to deliver, to-wit: cocaine in an amount of one gram or more but less than four grams. *See* CR, pgs. 8-9. *See also* Tex. Health & Safety Code Ann. § 481.112(a) (West 2010); Tex. Health & Safety Code Ann. § 481.102(3)(D) (listing cocaine in Penalty Group 1). The cocaine was 1.69 grams. *See* RR, pg. 27. As indicted, the State charged Moore with a second-degree felony offense. *See* Tex. Health & Safety Code Ann. § 481.112 (c) (West 2010). *See also* RR, pg. 23.

On April 14, 2014 (RR, pg. 8), the trial court signed an Order of Deferred Adjudication that placed Moore on community supervision (or by its common name, "probation"). *See* CR, pgs. 44-45. *See also* RR, pgs. 23-24. As soon as Moore was put on probation in Red River County, he was transferred out to Bowie County, which supervised him. *See* RR, pgs. 8-9.

### Incident of July 4, 2014.

On July 4, 2014, Nataly Marino, a peace officer for the City of

DeKalb, (Officer Marino) came into contact with Moore. *See* RR, pg. 12. According to Officer Marino, she was going into her vehicle when Ms. Williams pulled up, and she started telling what Moore had said to her daughter. *See* RR, pg. 14. So, Ms. Williams took off in front of Officer Marino, who followed behind. *See* RR, pg. 14. When they got to the residence, Ms. Williams pointed to Moore, who had already walked off from the residence to another residence about a block away. *See* RR, pg. 14. Officer Marino came into contact with Moore on North Houston Street. *See* RR, pg. 17.

Officer Marino asked him for an ID, and he patted his pockets to check for his wallet. *See* RR, pgs. 14-15. Moore was like, "Oh, I don't have it with me." *See* RR, pg. 15. Officer Moore could smell marijuana, and "asked to pat him down." *See* RR, pg. 15.

When Officer Marino was patting him down, she could feel something in his right pocket. *See* RR, pg. 15. Officer Marino said, "Yes, please empty out your pockets." *See* RR, pg. 15. A brown cigarette fell out of his hand. *See* RR, pg. 15. Officer Marino asked to see the cigarette that had already been used. *See* RR, pg. 15. Moore wouldn't hand it to Officer Marino, who picked it up. *See* RR, pgs. 15, 19. Officer Marino did a field test on it, and it tested positive for marijuana. *See* RR, pgs. 15, 29. Officer

Marino then asked for his name and date of birth, and he gave the name of "Kelvin Jones" with a date of birth of 9-26-86. *See* RR, pg. 15.

After about thirty minutes (RR, pg. 19), Officer Marino put the suspect in the back seat, and then he gave Officer Marino his real name, Kelvin "Jones" with his real date of birth of 9-30-84. *See* RR, pg. 16. He told Officer Marino, "I lied to you because I'm on probation." *See* RR, pg. 16.

Officer Marino later charged Moore with the misdemeanor offenses of possession of marijuana and failure to identify as a fugitive from justice. *See* RR, pgs. 16-17, 20. Moore entered pleas of guilty to those, and was given 21 days in jail. *See* RR, pg. 20; State's Exhibits 1 and 2.

**<u>Revocation Hearing on October 30, 2014.</u>**

On July 21, 2014, the State filed a motion to proceed with adjudication. *See* CR, pgs. 52-57. Moore was arrested and had been in the Red River County jail from July 4th until the revocation hearing on October 30, 2014. *See* RR, pgs. 1, 8-9.

On October 30th, the trial court called the cause number (CR2059) underlying this appeal, and Moore entered a plea of "true" to all the allegations. *See* RR, pgs. 6-7. As its first witness, the State called Miranda Dean (Dean), who testified that Moore "hasn't made any" payments since

he's been on probation. *See* RR, pgs. 7, 30. Also, Moore didn't do any community service hours. *See* RR, pgs. 10, 30-31.

As its second witness, the State called Officer Moreno, who recognized the defendant-appellant (Moore) in open court. *See* RR, pg. 12. Following the officer's testimony, the State rested. *See* RR, pg. 21.

As its only witness, the defense called Moore to testify. *See* RR, pg. 21. Following his testimony, the defense rested. *See* RR, pg. 33.

The trial court then found that Moore had violated each and every one of the allegations in the State's motion. *See* RR, pg. 33. The trial court revoked his community supervision. *See* RR, pg. 33.

The trial court then ruled, "I now proceed to sentencing." *See* RR, pg. 33. The trial court found Moore guilty of the offense and sentenced him to 12 years in the Texas Department of Criminal Justice, Institutional Division. *See* RR, pgs. 33-34.

On October 30th, the trial court signed its final judgment of conviction. *See* CR, pgs. 64-65. On November 10, 2014, Moore timely filed his notice of appeal. *See* CR, pg. 70.

**Proceedings in this Court of Appeals.**

On or about November 25, 2014, Moore filed his notice of appeal in this Court. On or about December 8, 2014, the official court reporter filed

the Reporter's Record. The District Clerk of Red River County filed the Clerk's Record on or about December 22, 2014 along with a Supplemental Clerk's Record on January 21, 2015.

On or about January 26, 2015, Moore filed his brief. The State will be filing its brief on or before the current due date of February 25, 2015.

## SUMMARY OF THE ARGUMENT

By this appeal, Moore brought two (2) issues/points of error that allege (1) the trial court erred in failing to conduct a separate punishment hearing and (2) the trial court erred in assessing $1,931.25 in attorney's fees against him because there was no determination that he had the financial ability to pay those costs. *See* Appellant's Brief, pg. 5.

(1)    The first issue/point of error should be overruled because the appellant, Moore, failed to preserve this complaint for review because he failed to object during the hearing and failed to file a motion for new trial. Even further, Moore had the opportunity to present mitigating evidence, and did so by testifying during the revocation hearing. *See* RR, pgs. 21-33.

(2)    The second issue/point of error should be sustained in part and overruled in part. The total attorney's fees of $1,931.25 had two components:    (a) $937.50 and (b) $993.75. As to the component of $937.50, Moore procedurally defaulted by foregoing a direct appeal from the initial order for deferred adjudication. As for the other component of $993.75, the State will concede error, and this Court should delete the erroneous assessment of $993.75. As modified, the trial court's final judgment adjudicating guilt should be affirmed in all other respects.

## ARGUMENT AND AUTHORITIES

**ISSUE PRESENTED IN REPLY NO. 1:** **THE APPELLANT WAIVED THE STATUTORY RIGHT TO A SEPARATE PUNISHMENT HEARING BY NOT OBJECTING, OR BY NOT FILING A MOTION FOR NEW TRIAL; AND IN THE ALTERNATIVE, THE APPELLANT HAD THE OPPORTUNITY TO PRESENT HIS MITIGATING EVIDENCE.**

A.    **Introduction.**

With his first issue, the appellant, Moore alleged that the trial court erred in failing to conduct a separate hearing before sentencing him. *See* Appellant's Brief, pgs. 5, 8 (citing *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992)).[1]   In his brief, Moore conceded that this Court recently rejected a similar argument to the one presented here. *See Robert Shayne Kinslow v. The State of Texas*, No. 06-14-00083-CR, 2014 Tex. App. LEXIS 13619, 2014 WL 7204556 (Tex. App.--Texarkana December 19, 2014, no pet.) (mem. op., not designated for publication) (Morriss, C.J.) (Red River County).

In his brief, Moore respectfully requested this Court to reconsider its decision in the *Kinslow* case. *See* Appellant's Brief, pg. 8.   However, this Court did not reconsider its decision in *Kinslow* because the appellant did

---

[1] Further, "*Issa* does not stand for the absolute right to a separate punishment hearing." *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999).   In *Hardeman*, the Court held that "[i]nstead, it requires the defendant to have the opportunity to present evidence in mitigation of guilt if not afforded during adjudication." *See id*. at 690-91 (reference to footnote omitted). *See also Pearson v. State*, 994 S.W.2d 176, 179 (Tex.

not file any motion for rehearing. *See* Tex. R. App. P. 49.1. Like the appellant in *Kinslow*, Moore was also represented by the same court-appointed counsel, Don Biard, who could have filed a motion for rehearing or sought further review in the Texas Court of Criminal Appeals but did not.

## B.      Waiver and the Opportunity to Present Evidence.

In *Kinslow*, this Court held that the appellant "failed to object during the hearing and also failed to file a motion for new trial." *See id*., 2014 Tex. App. LEXIS 13619, at * 2; 2014 WL 7204556, at * 1 (reference to footnote omitted). In *Kinslow*, this Court held that the appellant failed to preserve this complaint for review. *See id* (citing Tex. R. App. P. 33.1; *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Borders v. State*, 846 S.W.2d 834, 836 (Tex. Crim. App. 1992)). The same outcome should result in the present case.

## 1.      Waiver:   Moore Failed to Object During the Hearing.

In the present case, Moore failed to object during the hearing when the trial court asked, "Anything further, Mr. Meehan?" *See* RR, pg. 33. Instead, the defense rested after Moore's testimony. *See* RR, pg. 33.

Even further, Moore failed to object when the trial court ruled, "I now

Crim. App. 1999).

proceed to sentencing." *See* RR, pg. 33. Here, by failing to object, Moore failed to preserve his complaint for review. *See Kinslow*, 2014 Tex. App. LEXIS 13619, at * 2; 2014 WL 7204556, at * 1 (citing *Vidaurri*, 49 S.W.3d at 886; *Borders*, 846 S.W.2d at 836). *See also* Tex. R. App. P. 33.1.

2. **Waiver: Moore Failed to File a Motion for New Trial.**

Even assuming Moore was, as he alleged, prevented from presenting separate punishment evidence, he should have brought the issue to the attention of the trial court with a motion for new trial. *See Vidaurri*, 49 S.W.3d at 886. However, Moore never filed such a motion. *See id*.

3. **Moore Had the Opportunity to Present His Mitigating Evidence.**

Finally, the decision in the present case was controlled by *Pearson*, as explained in *Euler v. State*, 158 S.W.3d 75, 78 (Tex. App.--Houston [14th Dist.] 2005), *aff'd*, 218 S.W.3d 88 (Tex. Crim. App. 2007). According to the Court in *Pearson*, "appellant had the *opportunity* to present evidence *during the proceedings*" and "that is all that is required." *See Pearson*, 994 S.W.2d at 179 (italics added in the opinion). In *Euler*, appellant was able to present evidence in mitigation of his punishment, even though this did not occur during a separate punishment hearing. *See Euler*, 158 S.W.3d at 78.

Here, as in *Pearson* and *Euler*, Moore had the opportunity to present evidence, and did so because he testified during the October 30th

18

proceedings (RR, pgs. 21-33), even though this did not occur during a separate punishment hearing. *See Pearson*, 994 S.W.2d at 179; *Euler*, 158 S.W.3d at 78. Because Moore had the opportunity to present mitigating evidence and did so, he could not establish any harm because he was able to present his mitigating evidence. *See* Tex. R. App. P. 44.2(b) ("[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

For the reasons set forth above, Moore's first issue/point of error should be overruled. The trial court's final judgment of conviction should be affirmed.

**SECOND ISSUE PRESENTED IN REPLY NO. 2: THE APPELLANT PROCEDURALLY DEFAULTED HIS CLAIM AS TO $937.50 IN COURT-APPOINTED ATTORNEY'S FEES, BUT THIS COURT SHOULD MODIFY THE TRIAL COURT'S JUDGMENT TO DELETE THE COURT-APPOINTED ATTORNEY'S FEES OF $993.75, AND SHOULD AFFIRM, AS MODIFIED, THE TRIAL COURT'S FINAL JUDGMENT OF CONVICTION.**

A.     **Introduction.**

With his second issue on appeal, Moore alleged that the trial court erred in assessing $1,931.25 in attorney's fees because there was no determination made that the appellant had the financial ability to pay those costs.  *See* Appellant's Brief, pgs. 11-12.  With respect to some of those fees, however, Moore has procedurally defaulted.  *See Tawona Sharmin Riles v. The State of Texas*, No. PD-1757-13, 2015 Tex. Crim. App. LEXIS 135, 2015 WL 457915 (Tex. Crim. App. February 4, 2015) (designated for publication).

B.     **Procedural Default.**

In *Riles*, a probation revocation case, the Texas Court of Criminal Appeals recently held that the appellant had knowledge of the attorney fee and, therefore, could have challenged the sufficiency of the evidence supporting payment of the fee in a direct appeal from the initial order for deferred adjudication.  *See Riles*, 2015 Tex. Crim. App. LEXIS 135, at * 9; 2015 WL 457915, at * 3. In *Riles*, the Court held that the appellant

20

procedurally defaulted this claim by failing to do so. *See id.*, 2015 Tex. Crim. App. LEXIS 135, at * 10, 2015 WL 457915, at * 3 (citing *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999)).

In *Riles*, the appellant filed no appeal until her community supervision was revoked two years later. *See Riles*, 2015 Tex. Crim. App. LEXIS 135, at * 12; 2015 WL 457915, at * 4. The *Riles* Court made clear in *Manuel* and *Wiley v. State*, 410 S.W.3d 310 (Tex. Crim. App. 2013) that those issues that an appellant can raise in a direct appeal from the initial judgment must be raised, and that failing to do so results in procedural default. *See Riles*, 2015 Tex. Crim. App. LEXIS 135, at * 12; 2015 WL 457915, at * 4 (citing *Manuel*, 994 S.W.2d at 661-62, *Wiley*, 410 S.W.3d at 320-31). In *Riles*, the appellant had knowledge that she was to be charged for her appointed attorney fee, as evidenced by the multiple admonishments that she signed, but she forfeited her claim by foregoing her initial appeal. *See id.*, 2015 Tex. Crim. App. LEXIS 135, at * 13; 2015 WL 457915, at * 4.

C. **Application of the *Riles* Rationale to the Present Case.**

1. **Procedural Default of $937.50 in Attorney's Fees.**

In the present case, the bill of costs reflected $1,931.25 in "COURT APPOINTED ATTORNEY" (CR, pg. 77), but that component actually reflected two (2) separate assessments: one for $937.50 (CR, pgs. 47, 49)

21

and the other for $993.75. *See* CR, pg. 66. Added together, these two (2) separate assessments equaled the total amount of $1931.25 ($937.50 + $993.75 = $1931.25), as reflected in the bill of costs. *See* CR, pg. 77.

In its Order Imposing Conditions of Community Supervision signed on April 14, 2014 (CR, pgs. 46-48), the trial court assessed attorney's fees in the amount of $937.50. *See* CR, pgs. 47, 49. The trial court's assessment of $937.50 was further evidenced by the Certificate of Court Authorizing Payment of Attorney's Fees. *See* CR, pgs. 49-51.

With respect to the fees of $937.50, however, Moore has procedurally defaulted because he could have challenged the sufficiency of the evidence supporting payment of the fee in a direct appeal from the initial order for deferred adjudication, but failed to do so. *See Riles*, 2015 Tex. Crim. App. LEXIS 135, at * 9, 10; 2015 WL 457915, at * 4. As in *Riles*, Moore procedurally defaulted because he had knowledge that he was to be charged for his appointed attorney fee, as evidenced by the multiple admonishments that he signed, but he forfeited his claim by foregoing his initial appeal. *See Riles*, 2015 Tex. Crim. App. LEXIS 135, at * 13; 2015 WL 457915, at * 4.

2. **This Court Should Modify in Part the Trial Court's Judgment and Bill of Costs.**

Unlike the assessment of $937.50 (CR, pgs. 47, 49), the State will concede that, as of October 30th, Moore was indigent and that the record was

devoid of any determination or finding by the trial court that he had financial resources or was otherwise able to pay the appointed attorney fees. *See Wiley*, 410 S.W.3d at 317. Thus, the assessment of attorney's fees in the amount of $993.75 was erroneous and should be removed. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946-47 (Tex. App.--Texarkana 2013, no pet.).

Because this Court has the authority to modify judgments to make the record speak the truth, *see* Tex. R. App. P. 43.2, the Bill of Costs should be revised and the trial court's judgment should be reformed to add the following provision: "As used herein the term 'court costs' does not include court-appointed attorney's fees" in the amount of $993.75. *See Riles v. State*, 417 S.W.3d 606, 614 (Tex. App.--Amarillo 2013) (Pirtle, J., concurring and dissenting), *aff'd*, No. PD-1757-13 (Tex. Crim. App. February 4, 2015). Therefore, the appellant's second issue/point of error should be overruled in part and sustained in part to delete the award of $993.75 only. As modified, the trial court's final judgment of conviction should be affirmed in all other respects.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that upon final submission without oral argument, this Court should delete the assessment of $993.75 in court-appointed attorney's fees only, and affirm the trial court's final judgment, as modified; adjudge court costs against the appellant and for such other and further relief, both at law and in equity, to which the State may be justly and legally entitled.

Respectfully submitted,

Val J. Varley, County and District Attorney
Red River County Courthouse
400 North Walnut Street
Clarksville, Texas    75426-4012
(903) 427-2009
(903) 427-5316 (fax)
valvarley@valornet.com


By: _/s/Val Varley_____
        Val J. Varley, County-District Attorney
        SBN# 20496580

**ATTORNEYS FOR THE STATE OF TEXAS**

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, the "State's Brief" was a computer-generated document and contained 4,069 words--not including the Appendix (not applicable here). The undersigned attorney certified that he relied on the word count of the computer program, which was used to prepare this document.

_/s/Val Varley_____
Val J. Varley
valvarley@valornet.com

## CERTIFICATE OF SERVICE

This is to certify that in accordance with Tex. R. App. P. 9.5, a true copy of the "Appellee's (State's) Brief" has been served on the 18TH day of February, 2015 upon the following:

Don Biard
McLaughlin, Hutchison & Biard
38 First Northwest
Paris, TX     75460

_/s/Val Varley_____
Val J. Varley
valvarley@valornet.com